UNITED STATES

v.

**Staff Sergeant Peter J. COTE, FR 002–44–3946 United States Air Force.**

**ACM 22901.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 14 Aug. 1980.

Decided 30 July 1981.

Appellate Counsel for the Accused: Colonel Larry G. Stephens, Colonel George R. Stevens and Captain Willard K. Lockwood.

Appellate Counsel for the United States: Colonel James P. Porter and Captain Michael J. Hoover.

Before POWELL, KASTL and MAHONEY, Appellate Military Judges.

## DECISION

MAHONEY, Judge:

Due to a conflict of interests, the military judge ruled that the accused's detailed defense counsel was disqualified from representing him at trial, and over the accused's protest, excused the detailed defense counsel from further participation in the trial. Appellate defense counsel contend, and we agree, that the attorney-client relationship was improperly severed. We also hold that since the findings and sentence were adjudged by a court-martial expressly precluded from trying the accused's case, they are a nullity.

At the initial trial session, the detailed defense counsel requested to be relieved due to his prior representation of a potential witness against the accused.[1] In view of the accused's pleas of not guilty, the prosecution indicated it intended to call the detailed counsel's former client as a witness.[2] There is no indication in the record that the witness, a former Air Force member, would waive the privilege attached to his communications with his former attorney. Thus, the detailed counsel contended that his ethical obligation to his former client would preclude effective cross-examination on the accused's behalf. Relying upon *United States v. Green*, 5 U.S.C.M.A. 610, 18 C.M.R. 234 (1955), the military judge stated to the accused:

Under the Code of Professional Responsibility, an attorney may not continue in a

---

1. The detailed defense counsel placed the government on notice of this conflict of interests in a pre-trial letter to the trial counsel in which he summarized his dilemma:

> I am the defense counsel in *United States v. SSgt Peter J. Cote* scheduled for trial at Andrews AFB, Maryland on 26 June 1980. Specification 7 of the first charge alleges that the accused transferred one ounce of marijuana to Airman First Class [S] and Airman Basic [G] on 29 March 1980. Specification 8 of the first charge alleges that the accused possessed two ounces of marijuana on 29 March 1980. Airman [G] testified at the Article 32 hearing on these two specifications. In my previous capacity as area defense counsel at Andrews AFB I represented Airman [G] on numerous occasions. Due to my attorney-client relationship with Airman [G] I possess information which could be used to impeach [G's] credibility. However, this obligation to Sergeant Cote would be in conflict with my obligation to Airman [G] to protect

information disclosed to me in the course of an attorney-client relationship.

2. We note that the former client was listed as a prosecution witness on the charge sheet, but we are also aware that, under current guidelines, full-time Air Force defense counsel may, and often do, enter into an attorney-client relationship prior to the preferral of charges. We assume that the counsel would not knowingly enter into a conflicting attorney-client relationship, and that the convening authority would not knowingly detail a defense counsel into a conflicting attorney-client relationship. Likewise, we presume that others responsible for the administration of military justice would be alert to the possibility of such conflicts, and seek to avoid them. Where a potential prosecution witness has recently been subject to adverse administrative, nonjudicial, or judicial action, the staff judge advocate may be the only party with sufficient information to prevent a needless conflict of interest.

case if in performing his duties in that case, he would be required to use information that he acquired through an attorney-client relationship, and use that information against the former client. That is the position that [the detailed counsel] is clearly in, in this case. The only person that could waive that would be of course, the former client. You have no standing in that matter. It's a question here of irreconcilable conflict, it would appear to be, of interest. So for that reason, I must accede to [the detailed defense counsel's] request that he be discharged.[3]

■ Beyond dispute the privilege attached to the confidential communications could only be waived by the former client.[4] The judge's observation that the accused had no standing in that matter was entirely accurate. However, as pointed out by appellate defense counsel, those facts were not dispositive of the issue before the trial judge.[5] The issue left unresolved was whether the accused would, upon proper advice of attendant risks, waive his right to unlimited representation by conflict-free counsel, and persist in his demand to be represented by his detailed counsel, not-

withstanding the limitations on that counsel's conduct resulting from his prior representation of the prosecution witness.[6]

■ Appellate defense counsel suggest that the military judge should have advised the accused that his detailed defense counsel could continue to represent him, but that such counsel, unlike any other counsel, would not be permitted to cross-examine the former client or take any action adverse to him.[7] We agree and suggest, in addition, that the detailed counsel could not use, directly or indirectly, any confidence received from the former client.[8] While these limits are broad, they would be necessary to honor the letter and spirit of the attorney-client privilege.[9]

■ We conclude that the military judge erred in failing to advise the accused of the conditions under which he could retain his detailed counsel, and the attendant risks of being unable to discredit the testimony of an important prosecution witness.[10] The accused should have been advised of those limitations and risks, and afforded the opportunity to waive his right to full representation by conflict-free counsel.[11] *Cuyler*

3. As will be discussed below, this ruling was somewhat precipitous. Military judges must be particularly cautious in fully exploring the circumstances of a conflict situation where the defense counsel's own professional interests diverge from the interests of the accused before the court. This is one of those areas where the judge's responsibilities require direct intervention to protect the accused's rights. *See, United States v. Graves*, 1 M.J. 50 (C.M.A.1975).

4. American Bar Association, Code of Professional Responsibility, Disciplinary Rule (DR) 4–101(C)(1).

5. We note that this is not the situation covered by DR 5–105, where the attorney is confronted with a conflict in interests of two *active* clients. In such a situation the military judge may properly sever the attorney-client relationship despite the willingness of the client to waive such disqualification. *See, United States v. Breese*, 11 M.J. 17, note 6 (C.M.A.1981).

6. Unwillingness of the accused to accept such limitations would require severance of the attorney-client relationship, despite the accused's protests. DR 2–110(B)(2). *See,* DR 2–110(C)(1)(c).

7. *See,* DR 4–101(B)(1) and (2).

8. DR 4–101(B)(3).

9. Appellate defense counsel have also suggested the possibility that a second defense counsel, in association with the detailed counsel, might resolve the dilemma by handling that portion of the trial dealing with the former client. We do not espouse such a remedy, for even if the second counsel independently discovered information to impeach the former client, the *appearance* of a subterfuge (to avoid the privilege) would be present.

10. We note, incidentally, that the accused repeatedly persisted in his wish to be represented by the detailed counsel and none other. The accused, never, in any fashion, indicated consent to the release of that counsel. He accepted the second detailed counsel only in the face of the military judge's ruling that he could not be represented by the initially detailed counsel in any capacity.

11. Appellate defense counsel also claim that the military judge erred in not making further inquiry when the trial resumed, as to the con-

*v. Sullivan,* 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980); *United States v. Piggee,* 2 M.J. 462 (A.C.M.R.1975). Reversal is required without regard to the existence of prejudice. *United States v. Catt,* 1 M.J. 41 (C.M.A.1975).

■ Following his ruling severing the attorney-client relationship, the military judge granted a continuance for detail of, and preparation by, a new defense counsel. When the trial resumed, the trial counsel announced that the court was convened pursuant to a new convening order and one amendment thereto. It is apparent that this was done primarily to make the required substitution of defense counsel,[12] and

that there was not an improper withdrawal of charges from the previous court.[13] However, the new court was convened with an express limitation which precluded it from trying the accused's case. Specifically, the court which convicted and sentenced the accused was authorized to try cases referred to the earlier court *only* if trial proceedings had not yet begun.[14] Trial proceedings in the accused's case had begun at the first session of the trial over a month prior to the convening of the new court-martial.[15] In these circumstances, we cannot infer that the convening authority, in approving the findings and sentence, ratified a direct violation of his order.[16] In-

tinued existence of the conflict. They accurately point out that the former client never did testify at the trial. Principally, however, this appears to have been due to a change of plea by the accused, upon advice of his newly detailed counsel. He pled guilty to some of the offenses, and the remaining charges were withdrawn by the convening authority. Likewise, based upon the advice of newly detailed counsel, the accused withdrew his former request for enlisted members on the court. We view these changed tactics as essentially neutral factors, and recognize that legal advice and the professional judgement of counsel are not production-line commodities. In any given situation numerous competent courses of defense may be available, and we have no doubt that the accused was competently represented. We cannot assume, therefore, that the trial would have taken the same course had the originally detailed counsel re-entered the case. Further inquiry into a legally correct severance of the attorney-client relationship would only be appropriate if changed circumstances, brought to the attention of the trial judge, directly affected the basis for severance of that relationship.

12. The military judge and trial counsel remained the same, but only 3 of the 7 members had been appointed to the original court-martial. Such changes in members, prior to assembly, are routine, particularly where, as here, the interval between referral and assembly is lengthy. If administratively correct, such substitutions of members do not raise an inference of impropriety, absent a well-founded objection at trial. *Cf., United States v. Peebles,* 2 M.J. 404 (A.C.M.R.1975).

13. A withdrawal and re-referral of charges for an improper motive requires reversal, whether trial proceedings have begun, *United States v. Williams,* 11 U.S.C.M.A. 459, 29 C.M.R. 275 (1960), or not. *United States v. Walsh,* 22 U.S.C.M.A. 509, 47 C.M.R. 927 (1973). The

record must affirmatively reflect the reason for any withdrawal and re-referral of charges. *United States v. Hardy,* 4 M.J. 20, 25 (C.M.A. 1977). *But see, United States v. Meckler,* 6 M.J. 779 (A.C.M.R.1978).

14. The precise language in Special Order AD–6, Headquarters 76th Military Airlift Wing, 11 August 1980, appearing over the command line of the convening authority, is as follows:

All cases in the hands of the trial counsel of the general court-martial convened by Special Order AD–2, this headquarters, dated 19 May 1980, *in which trial proceedings have not begun* or in which the accused has not requested trial by the military judge alone, will be brought to trial before the court hereby convened. [Emphasis added].

15. Trial proceedings in the accused's case had begun before the court-martial convened pursuant to Special Order AD–2, note 14, *supra,* at the initial trial session on 7 July 1980. We recently defined the term "trial proceedings." *United States v. Svan,* 10 M.J. 784, 786 (A.F.C. M.R.1981). *See also, United States v. Walters,* 4 U.S.C.M.A. 617, 16 C.M.R. 191, 201–2 (1954).

16. Where it is uncertain the convening authority would have referred the case to a general court-martial, ratification of the referral will not be inferred from approval of findings and sentence. *United States v. Greenwalt,* 6 U.S.C. M.A. 569, 20 C.M.R. 285, 290 (1953). Where the court which tried the accused is different from the one to which the case was referred, but was of the same type, our predecessor Board of Review inferred ratification by the convening authority's action approving the case. *United States v. Brown,* 38 C.M.R. 909 (A.F.B.R.1968) *pet. denied,* 38 C.M.R. 941. *See, United States v. Emerson,* 1 U.S.C.M.A. 43, 1 C.M.R. 43 (1951).

stead, we are constrained to hold that the court which tried the accused was without authority to do so.[17]

For both of the foregoing reasons, the findings of guilty and the sentence are incorrect in law, and they are set aside.[18] The record of trial is returned to The Judge Advocate General. A rehearing is ordered.

POWELL, Senior Judge, and KASTL, Judge, concur.

---

**17.** A similar defect is apparent from the recitation of facts in our earlier decision in *United States v. Shrader*, 50 C.M.R. 767 (A.F.C.M.R. 1975) *pet. denied*, 50 C.M.R. 904 (C.M.A.1975). To the extent *Shrader* implies the defect discussed here may be waived by failure to object, it is overruled. *See, United States v. Hardy, supra*, at 25–26.

**18.** An additional assigned error, the failure of the staff judge advocate to sign the *United States v. Boston*, 7 M.J. 953 (A.F.C.M.R.1979) reply to the *United States v. Goode*, 1 M.J. 3 (C.M.A.1975) response to the review of the staff judge advocate, is mooted by our disposition of the case.

We also note that the record of trial was not prepared in conformity with the trial judge's direction, or applicable directive. Preparation of a verbatim record requires that the charges and specifications, the name and description of the accuser, the affidavit, and the reference for trial be *copied verbatim* into a verbatim record of trial. Manual for Courts-Martial, 1969 (Rev.), Appendices 8a and 8b; Air Force Manual 111–1, Military Justice Guide (2 July 1973), paragraph 6–3c. The trial counsel and the military judge are responsible, respectively, for the preparation and authentication of a correct record. *See, United States v. Hayward*, 11 M.J. 738 (A.F.C.M.R.1981).