**UNITED STATES, Appellee,**

v.

**Specialist Four Bart E. DEMEIO, Jr., SSN 168–54–0103, United States Army, Appellant.**

**CM 441575.**

U. S. Army Court of Military Review.

11 Jan. 1983.

Major Raymond C. Ruppert, JAGC, Captain Dennis E. Brower, JAGC, and Captain Alan D. Groesbeck, JAGC, were on the pleadings for appellant.

Colonel R.R. Boller, JAGC, Major John T. Edwards, JAGC, Major Rexford T. Bragaw III, JAGC, and Captain Eugene R. Milhizer, JAGC, were on the pleadings for appellee.

Before FULTON, COHEN and NAUGHTON, Appellate Military Judges.

## OPINION OF THE COURT

COHEN, Judge:

At the request of the appellant, the general court-martial which was to adjudge a sentence after his plea of guilty was composed of officer and enlisted members. The convening authority appointed six officers and four enlisted members, but, after voir dire and challenges, the composition of the court was reduced to six officers and two enlisted men. At this point the trial was recessed to allow the trial counsel an opportunity to advise the convening authority that corrective action was necessary because the enlisted persons did not constitute at least one-third of the membership of the court. After learning that the convening authority could not be contacted and that no one formally assumed command during his absence, the military judge proposed "a novel and perhaps unauthorized solution" if both counsel would agree. He proposed to allow each side an additional peremptory challenge provided that it would be exercised against an officer member. Both counsel agreed, exercised their challenge and the court, now composed of one-third enlisted members, sentenced the appellant to a dishonorable discharge, confinement for two years, and total forfeitures. The convening authority, pursuant to the pretrial agreement, approved only so much of the sentence as provided for a bad-conduct discharge, total forfeitures, and confinement at hard labor for ten months.

■ On appeal, appellant claims that the military judge erred in allowing both sides an additional peremptory challenge to reduce the court membership so that it was in compliance with the mandatory ratio and that the court-martial so composed lacked jurisdiction to sentence him. We agree that the military judge was in error as the number of peremptory challenges to be afforded each side is not within his discretion. Article 41(b), Uniform Code of Military Justice, 10 U.S.C. § 841(b) (1976); *United States v. Calley*, 46 C.M.R. 1131 (A.C.M.R. 1973). *But see United States v. Harris*, 13 M.J. 288, 294 n. 3 (C.M.A.1982) (Everett, C.J., dissenting). However, such error did not divest the court-martial of its jurisdiction. *United States v. Calley, supra.*

■ Testing the peremptory challenge error for prejudice, we find none. The defense agreed to the extra peremptory challenge after being informed by the military judge of the novelty and suspect authority of his proposal.

Accordingly, the findings of guilty and the sentence are affirmed.

Judge NAUGHTON concurs.

FULTON, Senior Judge, concurring in the result:

Although our decision might be seen as a further judicial erosion of the convening authority's role in constituting courts-martial, in advance of congressional approval of a pending proposal to permit delegation of authority to excuse court members, I concur in the result. Unlike the situation that obtained in *United States v. Ryan,* 5 M.J. 97 (C.M.A.1978), the panel of court members to consider appellant's case was, we may presume, personally selected by the convening authority. Accordingly, there was no jurisdictional defect. What transpired thereafter was essentially like the de facto excusal of court members by the military judge in *United States v. Colon,* 6 M.J. 73 (C.M.A. 1978). The difference is that, in this case, appellant's counsel agreed to and participated in the procedure by which two officer members of the court were effectively excused from the proceedings. This certainly was error, but it was error affirmatively waived. As for the convening authority, his action indicates no dissatisfaction with the procedure used.