**UNITED STATES, Appellee,**

v.

**Specialist Five Ronald T. BREWER, SSN 036–38–1446, United States Army, Appellant.**

**SPCM 16616.**

U. S. Army Court of Military Review.

31 Jan. 1983.

Robert B. Mann, Esquire, argued the cause for appellant. With him on the brief were Colonel William G. Eckhardt, JAGC, Lieutenant Colonel R. Rex Brookshire, II, JAGC, Major Lawrence F. Klar, JAGC, and Captain Gunther O. Carrle, JAGC.

Captain Michael E. Pfau, JAGC, argued the cause for appellee. With him on the brief were Colonel R.R. Boller, JAGC, Lieutenant Colonel John T. Edwards, JAGC, and Captain Patrick M. Flachs, JAGC.

Before MELNICK, McKAY and LEWIS, Appellate Military Judges.

## OPINION OF THE COURT

McKAY, Judge:

The appellant was convicted of possession and transfer of a habit forming narcotic drug, cocaine. The convening authority approved the adjudged sentence to forfeit $100 pay per month for six months, reduction to E–1, confinement for six months and a bad-conduct discharge. Among the errors assigned by the appellant as having occurred at his trial is that his defense counsel was inhibited from cross-examination of the primary prosecution witness because of the counsel's previous representation of the witness. We hold that there was an unresolved conflict of interest on the part of the defense counsel and reverse.

The record of trial establishes that at a pretrial session the defense counsel, Major Jackson, informed the military judge that he had represented Military Police Investigator (MPI) Schumacher, the primary government witness against the appellant, incident to proceedings under Article 15, Uniform Code of Military Justice (10 U.S.C. § 815 (1976)). An attorney-client relationship had existed. The Article 15 punishment resulted from Schumacher's refusal to perform a parachute jump from an airplane as members of his unit were required to do from time to time. His refusal stemmed from his fear of harm by other members of his unit because of feelings of some of them with respect to his activities as an MPI. We do not know whether the MPI activities of concern involved drug trafficking, but there is no apparent connection between this case and Schumacher's other drug enforcement activities. The military judge was further advised that a second defense counsel was available to the appellant if he wished to inquire into the Jackson-Schumacher relationship, or to do any cross-examination of Schumacher.

The military judge never informed the appellant specifically and in plain language that he had a right to a conflict-free counsel. He merely pointed out the offered

availability of a second defense counsel, Captain King, and obtained the appellant's agreement to the stated arrangement and his acknowledgment that he could use Captain King "if necessary". The pretrial session closed on that note and, when the trial resumed some three weeks later, no further mention was made in the record of the use of Captain King or the appellant's desires as to legal counsel. There is no indication that Captain King was physically present at the trial at any time. We know, however, that he was not present as a participant at the trial. Major Jackson conducted the appellant's defense at the trial unassisted and cross-examined Schumacher. In an affidavit submitted to the Court as an appellant exhibit, Major Jackson stated that Captain King "was not called by me to take all or any part of the cross examination [sic] of SP4 Schumacher", because "[a]s the case developed [I] did not see any relevant areas of cross examination [sic] of SP Schumacher that I couldn't tewe [sic] into due to my prior assistance to him ..."

It is settled that an accused in a criminal case is entitled to the effective assistance of legal counsel. *Powell v. Alabama*, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932); *United States v. Davis*, 3 M.J. 430 (C.M.A.1977).[1] Effective assistance obviously requires that counsel be free to cross-examine fully and without constraint the principal adverse witness. This right may be waived, but the record of trial must confirm that the military judge determined that the waiver was voluntary, knowing and "with sufficient awareness of the relevant circumstances and likely consequences". *United States v. Davis, supra*, and cases cited therein. This was not done in this case.

As an absolute minimum requirement the military judge must establish on the record that an accused knows and understands the significance when there is a conflict of interest on the part of his counsel that could prevent his unqualified loyalty. The military judge must then elicit a decision from the accused to waive his right to conflict-free counsel or arrange for other counsel. The failure to do this requires reversal. *United States v. Davis, supra; see United States v. Cote*, 11 M.J. 892 (A.F. C.M.R.1981); *Cf., United States v. Catt*, 1 M.J. 41 (C.M.A.1975) (reversal required when attorney-client relationship severed in absence of good cause). Here, when the appointed defense counsel, Major Jackson, revealed a conflict of interest on the record, the military judge did not explain the full significance of the conflict to the accused but allowed the matter to rest with an amorphous arrangement for the use of another counsel "if necessary". Who would decide necessity and exactly what was necessary in relation to the situation were never addressed. In fact, from the record and appellate exhibits, which we can consider when an adequacy of counsel issue is raised, *United States v. Davis, supra*, we can see that it was Major Jackson, the conflict-burdened counsel, who decided it was unnecessary for Captain King to advise the appellant or cross-examine Schumacher. There is nothing in the record to indicate that the appellant made a decision not to use Captain King or was even consulted by Major Jackson before Jackson decided there was no necessity for King's services.[2] In short, first Major Jackson, and now the government on appeal are essentially saying, that the appellant should trust Major Jackson's judgment that his prior representation of Schumacher in no way hindered his representation of the appellant. Unfortunately the law does not permit us to allow that decision to be made by the conflict-burdened counsel. Rather this is a conclusion that must be made by independent counsel

1. *See* ABA Standards, The Defense Function §§ 1.6 and 3.5; ABA Code of Professional Responsibility, EC7–9 and 7–17, and DR7–101(A).

2. Major Jackson's affidavit (Gov't App. Ex 1) does establish that the appellant consulted with Captain King before the disclosure of the conflict by Major Jackson at the pretrial session.

or the matter expressly waived on the record by the accused-client. The record does not establish that either occurred. We therefore have no alternative but to reverse the findings of guilty.

We have also considered the appellant's other assignments of error. We find no merit to his claim predicated on unreasonable and prejudicial delay in the convening authority's post-trial action. His remaining assignments are mooted by our holding above.

The findings of guilty and the sentence are set aside. A rehearing may be ordered by the same or a different convening authority.

Senior Judge MELNICK and Judge LEWIS concur.