UNITED STATES

v.

**Sergeant Robert N. SMILEY, FR 401–78–0448 United States Air Force.**

**ACM 23966.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 22 Dec. 1982.

Decided 7 Dec. 1983.

Appellate Counsel for the Accused: Colonel George R. Stevens, Colonel Leo L. Sergi, and Captain John V. Sullivan.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Captain Brenda J. Hollis.

Before FORAY, CANELLOS and SNYDER, Appellate Military Judges.

## DECISION

SNYDER, Judge:

Contrary to his pleas, the accused stands convicted of the transfer of cocaine and possession, use, and transfer of marihuana. His sentence extends to a bad conduct discharge, confinement at hard labor for three years and accessory penalties. He has submitted five assignments of error, only one of which will be discussed. We affirm.

Appellate defense counsel aver that the general court-martial which tried the accused was without authority to do so. We disagree.

As a result of challenges for cause and peremptory challenges, the court was reduced below its jurisdictional minimum of five members. Article 16(1)(A), U.C.M.J., 10 U.S.C. § 816(1)(A). Consequently, the convening authority detailed additional members to the court; however, his order detailing the members was executed via a new order, Special Order AB–200 (hereafter AB–200). AB–200 contained the so called savings clause, which reads as follows:

All cases in the hands of trial counsel of the general court-martial convened by Special Order AB–142, this headquarters, dated 4 October 1982, as amended by Special Order AB–195, this headquarters, dated 7 December 1982, as further amended by Special Order AB–197, this headquarters, dated 9 December 1982, *in which proceedings have not begun* or in which accused has not requested trial by military judge alone, will be brought to trial before the court hereby convened.[1] (emphasis added)

Although today's wording is different from that contained in the Manual For Courts-Martial, 1951, the emphasized words have been construed to mean "all unarraigned cases," which were the words used in the 1951 Manual. *United States v. Sayers,* 20 U.S.C.M.A. 462, 43 C.M.R. 302 (1971). The issue arises because the accused had been arraigned prior to the court being reduced to less than five members.

Appellate defense counsel argue that the savings clause amounts to a directive by the convening authority that the accused's case *not* be tried by that court. This argument overlooks or ignores the surrounding facts and circumstances of the case.

Initially, a convening authority has the discretion to withdraw charges from one court and to refer them to another. The only condition is that the withdrawal and rereferral be for a proper reason. Manual for Courts-Martial, 1969 (Rev.), para. 33 *j*(1); *United States v. Walsh,* 22 U.S.C.M.A. 509, 47 C.M.R. 926 (1973); *See United States v. Blaylock,* 15 M.J. 190 (C.M.A.1983). The fact that an accused has been arraigned does not impact the convening authority's discretion to withdraw charges from one court and refer them to another. However, withdrawing charges and referring them to another court after arraignment does increase the necessity of demonstrating good cause for doing so, preferably in the record of trial. *United States v. Walsh, supra.*

In the case *sub judice,* good cause is plainly evident from the record. The court to which the accused's case was originally referred was unable to continue without additional members; thus, referring the case to another court was one method of detailing additional members. Since the three remaining members and the military judge and counsel who were detailed to the AB–142 court were also detailed to the AB–200 court, the accused can hardly claim prejudice. The trial judge even allowed trial defense counsel to exercise another peremptory challenge after proceedings recommenced.[2] An absence of prejudice is further demonstrated by an absence of an objection to the renewed proceedings.[3] *United States v. Walsh, supra; United States v. Shrader,* 50 C.M.R. 767 (A.F.C.M.R.), *pet. denied,* 50 C.M.R. 904 (1975); *see United States v. Blaylock, supra; United States v. Hardy,* 4 M.J. 20 (C.M.A.1977) (Cook, J., dissenting); *see generally United*

1. *See* Manual for Courts-Martial, 1969 (Rev.), App. 4a(1), n. 6.

2. The propriety of granting another peremptory challenge should be viewed from the posture of the case having been rereferred. *See generally United States v. DeMeio,* 15 M.J. 523 (A.C.M.R.), *aff'd,* 16 M.J. 157 (1983); *United States v. Calley,* 46 C.M.R. 1131 (A.C.M.R.1973).

3. We view the language of *United States v. Cote,* 11 M.J. 892 (A.F.C.M.R.1981) as being heavily influenced by *United States v. Hardy,* 4 M.J. 20 (C.M.A.1977). *Hardy* was expressly repudiated by *United States v. Blaylock,* 15 M.J. 190 (C.M.A.1983). The gist of *Blaylock* is that the issue is not one of jurisdiction; however, appellate forums will, nonetheless, address complaints that improper motives were involved, *e.g.,* command influence. Thus, it is proper to view a failure to object as a factor to be considered in testing for prejudice.

*States v. Emerson,* 1 C.M.R. 43 (C.M.A. 1951); *United States v. Shepardson,* 17 M.J. 793 (A.F.C.M.R.1983).

In addition to the principles above, the record is abundantly clear that the convening authority intended that the AB-200 court hear the accused's case, the language of the savings clause notwithstanding.

We are not unmindful of some of our language in *United States v. Cote,* 11 M.J. 892 (A.F.C.M.R.1982), which addressed this area. The latter part of the *Cote* opinion addressed a situation similar to the one of the instant case; namely, a new convening order was promulgated to add another defense counsel after the original proceedings had been continued for that purpose. The order in *Cote* contained the same savings clause. Because Cote's trial had begun prior to the order's promulgation, we stated:

> In these circumstances, we cannot infer that the convening authority, in approving the findings and sentence, ratified a direct violation of his order. Instead, we are constrained to hold that the court which tried the accused was without authority to do so.

*United States v. Cote, supra,* at 895-896.

*Cote, supra,* should be read in the following light. First, the issue of the convening order was not necessary to the decision. We had already determined that reversal was in order because the accused's attorney-client relationship with his original detailed counsel was improperly severed. Second, we refused to draw the inference of ratification because of the facts then before us. Third, the language was probably impacted by *United States v. Hardy, supra; see* n. 3, *supra.*

As stated, the convening authority's intent is clear. Within twenty-four hours of being informed that the court was below its jurisdictional minimum, the convening authority had detailed additional members. The three remaining members were included in the membership of the AB-200 court. The parties at trial referred to AB-200 as an amending order rather than a convening order. This is so because it is apparent that AB-200 was not designated an amending order due to the language of Air Force Manual 111-1, Military Justice Guide, 2 July 1973.[4] The circle closes with the convening authority's approval of the findings and sentence. *See United States v. Brown,* 38 C.M.R. 909 (A.F.B.R.), *pet. denied,* 38 C.M.R. 441 (1968). To conclude otherwise would require us to completely disregard the facts before us.

We visualize the situation as follows: The convening authority is apprised of the situation. He selects the additional members, orders them detailed to the accused's court, and directs his staff judge advocate to implement his order. The staff judge advocate does so, but because of AFM 111-1, a convening order is promulgated rather than an amending order. This brings us to the Court's conclusion in *United States v. Glover,* 15 M.J. 419, 421 (C.M.A.1983).

> A convening order which brings a court-martial into being is but an expression of the intent of the convening authority. The particular document which is prepared is merely a formal recordation of that expressed intent. If the document does not accurately reflect the convening authority's intent, it is the fault of the document's author, not the convening authority.

We see no reason why that rationale should not apply to this situation where an amendment was clearly intended.[5]

---

4. Air Force Manual 111-1, Military Justice Guide, para. 3-5, reads as follows:

    The practice of publishing a succession of amending orders to the initial order convening the court may produce irregularities and should be avoided. . . . No more than two amendments to the original order should be issued. If it becomes necessary to further amend the convening order, a new order convening the court should be published, care being exercised to transfer to the new court all cases in which new proceedings have not begun. . . .

5. Those charged with the administration of military justice should bear in mind that AFM 111-1, para. 3-5, would not render a third amendment void. It merely advises against it. At any rate, merely adding the words, "*United States v. Smiley* will also be tried before the court hereby convened," to the savings clause

Accordingly, we hold that the court did, in fact, have the authority to hear the accused's case.

We also note that a number of the trial court's sessions were very lengthy. Such marathon sessions are seldom commensurate with a positive image. We urge trial judges to avoid unduly long sessions unless unavoidable.

We have considered the other assignments of error and resolved them adversely to the accused. M.C.M., para. 69e; *United States v. Bennett,* 12 M.J. 463 (C.M.A.1982); *United States v. Holt,* 16 M.J. 393 (C.M.A. 1983); *United States v. Duga,* 10 M.J. 206 (C.M.A.1981); *United States v. Trottier,* 9 M.J. 337 (C.M.A.1980); *United States v. Wiggins,* 13 M.J. 811 (A.F.C.M.R.1982).

The findings of guilty and the sentence are

AFFIRMED.

FORAY, Senior Judge, and CANELLOS, Judge, concur.

would have avoided the issue. The other facet of the issue is that administrators must be constantly aware of the status of the proceedings for which an amendment is being promulgated.