# UNITED STATES

v.

**Captain Daniel J. SHEPARDSON, 009–38–6000 FV United States Air Force.**

**ACM 23972.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 17 Feb. 1983.

Decided 7 Dec. 1983.

Appellate Counsel for the Accused: Colonel George R. Stevens, Major Alexander S. Nicholas, and Captain Marcia J. Roth, USAFR.

Counsel for the United States: Colonel Kenneth R. Rengert and Major Robert E. Ferencik, Jr.

Before FORAY, CANELLOS and SNYDER, Appellate Military Judges.

## DECISION

FORAY, Senior Judge:

The accused was tried and, pursuant to his pleas, convicted by a general court-martial with members of five drug related offenses. In accordance with a pretrial agreement the approved sentence extends to dismissal from the service, confinement at hard labor for 18 months, and forfeiture of $1275.00 per month for 24 months.

Appellate defense counsel's sole claim on appeal is:

THE GENERAL COURT–MARTIAL WHICH TRIED CAPTAIN SHEPARDSON WAS WITHOUT AUTHORITY TO DO SO.

The factual setting relevant to the assignment of error follows.

The accused was ordered tried by a general court-martial created by the convening authority on 25 November 1981. This act was evidenced by a special order bearing the same date. The original order was amended 18 March 1982 effecting the appointment of an assistant trial counsel and a substitute defense counsel in the case. Trial proceedings began as ordered on 18 March 1982.

Immediately after the arraignment of the accused the trial counsel moved that the Government be allowed to withdraw from the pretrial agreement entered into between the accused and the convening authority. The motion was granted by the military judge. As a result of this ruling trial defense counsel requested the trial proceedings be continued "so that we may pursue these on appellate review."

On 20 April 1982 the accused submitted a Petition for Extraordinary Relief in the Nature of a Writ of Mandamus and Other Appropriate Relief to the Court of Military Appeals. The substance of the relief

sought in the petition related to the military judge's adverse ruling regarding the pretrial agreement issue litigated at trial. On 3 January 1983, the Court of Military Appeals denied the accused's petition for extraordinary relief. *Shepardson v. Roberts,* 14 M.J. 354 (C.M.A.1983).

Trial proceedings resumed 15 February 1983. The court-martial that tried and convicted the accused was one created by the convening authority on 25 January 1983. The special order evidencing this court contained the statement:

All cases in the hands of the trial counsel of the general court-martial convened by Special Order AD–27, 25 November 1981, as amended by Special Order AD–15, 18 March 1982, both of this headquarters, in which trial proceedings have not begun or in which the accused has not requested trial by the military judge alone, will be brought to trial before the court hereby convened.

The trial counsel, defense counsel, and assistant defense counsel detailed to the new court-martial were the same as previously detailed to act in the accused's case. All the court members, the military judge, and an assistant trial counsel were not.

The gravamen of the assignment of error is that the withdrawal of the charges from one court-martial and referral to another court-martial by the convening authority after trial proceedings had begun was improper and that the "entire proceeding was affected in a jurisdictional sense." The remedy sought is to have this Court set aside the findings and sentence and dismiss the charges.

■ A convening authority may withdraw an entire case from the consideration of any court for any reason. However, a convening authority should not withdraw an entire case after trial proceedings have begun with a view toward further prosecution unless that authority determines that urgent and unforeseen military necessity requires that the action be continued or ended, and it does not appear that the military situation will allow the rescheduling or resumption of the trial within a reasonable time. Such withdrawal may sometimes be appropriate for other good cause in the interest of justice. In any event, when a case is so withdrawn with a view toward prosecution at a later date, a detailed statement of the reasons therefore is required to be included in the record. Manual for Courts-Martial, 1969 (Rev.Ed.), paragraphs 56*a* and *b*.

When the trial of this case resumed on 15 February 1983 pursuant to the 25 January 1983 order of the convening authority no reasons were advanced for inclusion in the record as to why the entire case was withdrawn from one court and referred for further prosecution to another court. M.C.M., *supra.* Further, trial defense counsel offered no objection to the resumption of trial proceedings with the court as thus constituted.

■ Having found that the trial proceedings in this case resumed improperly we must now assess the impact that error has on the substantial rights of the accused.

The Manual for Courts-Martial, *supra,* paragraph 8 tells us that the jurisdiction of a court-martial is conditioned upon the following requirements:

That the court was convened by an official empowered to convene it; that the membership of the court was in accordance with the law with respect to number and competency to sit on the court; and the court was invested by act of Congress to try the person and the offense charged.

Both officers exercising general court-martial jurisdiction during the course of the proceedings now before us were designated to so act by the Secretary of the Air Force. U.C.M.J., Article 22(a)(6), 10 U.S.C. § 822(a)(6). The court members appointed in each instance numbered at least five, none were members of the same unit as the accused, and were otherwise qualified. U.C.M.J., Article 25, 10 U.S.C. § 825. Each court created had the authority to try the accused and the offenses charged. U.C.M.J., Articles 2(a)(1), 18, 133, and 134, 10 U.S.C. §§ 818, 822(a)(1), 833, 834. Thus, it

appears that the court-martial which was created and convicted and sentenced the accused had the necessary requisites of jurisdiction. *United States v. Blaylock,* 15 M.J. 190 (C.M.A.1983); M.C.M., *supra,* paragraph 8.

Having found that the error here is not a jurisdictional defect we must now determine whether the accused is, otherwise, entitled to relief.

■ At trial the accused did not object to the manner in which the court-martial was ordered to resume the proceedings. He pleaded guilty to all charges referred against him. During *voir dire* examination of the court-members he successfully challenged one member for cause and exercised his right to a peremptory challenge. There is nothing in the record of trial to indicate the exercise of unlawful command influence on the part of the convening authority.* These factors indicate to us that the accused was satisfied with the constitution of the court-martial that convicted and sentenced him. Accordingly, we find the accused's failure to object to the manner in which the court-martial was ordered was a waiver of any error in that process. He, therefore, is not entitled to any relief at this appellate level. *United States v. Blaylock, supra; United States v. Hawthorne,* 7 U.S.C.M.A. 292, 22 C.M.R. 83 (1956); *United States v. Schrader,* 50 C.M.R. 767 (A.F.C.M. R.1975).

■ Appellate Government Counsel have submitted a Motion for Leave to File Affidavits regarding the matter before us. Two *ex parte* affidavits tend to show that the new convening authority intended to amend the original convening authority's order and not to withdraw the charges and order them tried by a different court. A convening authority, in his discretion, may change the membership of a court-martial by detailing new members to that court at any time before the court has been assembled. M.C.M., *supra,* paragraph 37.

Because we have found the error committed did not rise to jurisdictional proportions we must deny the Government motion. We may not consider the affidavits in question as they contain new evidence or new matter which was not before the trial court. *United States v. Roberts,* 7 U.S.C.M.A. 322, 22 C.M.R. 112 (1956); 5 Am.Jur.2d, Appeal and Error § 545, § 546, and § 583.

The findings of guilty and the sentence are

AFFIRMED.

CANELLOS and SNYDER, Judges, concur.

---

* The period of time elapsing between the date the charges were originally ordered tried and the date when they were withdrawn and reordered tried in addition to the transitory charac-

ter of the military community seem to suggest the reason for the need for different court members and participants and not that of any unlawful command influence.