**UNITED STATES**

v.

**Senior Airman Mark E. BLASCAK, FR 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 United States Air Force.**

**ACM 24121.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 20 May 1983.

Decided 16 March 1984.

Appellate Counsel for the Accused: Colonel Leo L. Sergi, Major William H. Lamb and Captain John V. Sullivan.

*See United States v. Sharper,* 17 M.J. 803 (A.C.M. R.1984).

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Major Thomas O. Maser, USAFR.

Before FORAY, SNYDER and O'HAIR, Appellate Military Judges.

### DECISION

O'HAIR, Judge:

This case comes before us with one assertion of error—that the trial court lacked proper jurisdiction. We find no reversible error and affirm.

The basis for the defense challenge appears to be an administrative mistake committed at the time of referral to trial. The referral block of the charge sheet indicates this case was referred to trial by the court-martial appointed by Special Order AB–42, dated 4 March 1983. In reality, however, the trial commenced with personnel appointed by Special Order AB–16, dated 4 March 1983, as amended by Special Orders AB–33 (16 May 1983) and AB–34 (17 May 1983). The error on the charge sheet went unnoticed by the trial participants. At trial, government counsel correctly announced that the court was convened by Special Orders AB–16, AB–33 and AB–34. All the orders were issued by the same headquarters and were in proper form. On record, this error first comes to light when it was discussed in the Staff Judge Advocate's review. There, it was determined to be a non-jurisdictional error waived by the absence of any objection at trial. In support of the government's position that this error was purely administrative in nature, an affidavit was prepared on 1 February 1984 by a judge advocate from the general court-martial Staff Judge Advocate's office.* In that document the affiant specifically points out that at the time of referral there was no such document as Special Order AB–42 and that the intent of the convening authority was to refer this case to Special Order AB–16.

---

* Appellate Government Counsel's Motion for Leave to File Affidavit is GRANTED.

The appellant now asserts that because of the use of the erroneous special order number in the referral block of the charge sheet, the proceedings against the accused "did not constitute a court-martial in the sense of Manual for Courts-Martial, 1969 Revised, paragraph eight." The criteria for convening a court-martial which are found in that paragraph are as follows:

That the court was convened by an official empowered to convene it; that the membership of the court was in accordance with the law with respect to number and competency to sit on the court; and that the court was invested by act of Congress with power to try the person and the offense charged.

Court-martial charges are ordinarily referred to a court-martial for trial by means of an indorsement on the charge sheet. Para. 33*j*(1), M.C.M., 1969 (Rev.). The Manual's use of the word "ordinarily" has been frequently relied upon to save a case which was brought to trial although some administrative irregularity existed which could ostensibly have deprived that particular court-martial of jurisdiction. In *United States v. Emerson*, 1 U.S.C.M.A. 43, 1 C.M.R. 43 (1951), the case was referred for trial by one court-martial but was in fact tried by another appointed by the same convening authority. The Court of Military Appeals found that the court-martial which tried the accused had jurisdiction despite the fact that the charges had not been referred to that particular court for trial. The Court opined that the use of the words "ordinarily" and "customarily" in paragraph 33*j* of the Manual meant that the charges could properly be referred for trial other than by indorsement on page three of the charge sheet. In other words, the Court said it was not going to insist on rigid adherence to a rule that sets out the administrative procedures whereby a convening authority refers a case to a court-martial.

The same latitude permitted in *Emerson, supra*, is also seen in *United States v. Glover*, 15 M.J. 419 (C.M.A.1983). In that case the Court found no prejudicial error where the convening order erroneously reported that a "special" court-martial was convened when it was well known that the convening authority had intended to refer the case to a "general" court-martial. A formal written order of reference was not absolutely necessary to convene a court-martial, provided the convenor orally ordered such a proceeding. *See also United States v. Hooks*, 2 M.J. 502 (A.F.C.M.R. 1976). The benefits to be derived from having this oral order reduced to writing go without saying.

Unfortunately, this Court has recently seen a number of courts-martial convened by written orders containing a variety of administrative errors, such as those found in the instant case. We find these orders irregular and short of highest professional standards; however, we have refrained from holding that they deprive the court of jurisdiction. *United States v. Fields*, 17 M.J. 1070 (A.F.C.M.R.1984), *United States v. Shepardson*, 17 M.J. 793 (A.F.C.M.R. 1983), *United States v. Smiley*, 17 M.J. 790 (A.F.C.M.R.1983).

When examining cases with errors of this type, the acts and intent of the convening authority, as defined in paragraph 8, M.C.M., are of paramount importance. If the facts can satisfy the basic requirements set out there, this Court will be inclined to find the court-martial had jurisdiction over the accused and the offenses.

Applying such a test to the facts before us in this case, we find that the convening authority intended to refer this case to Special Order AB–16 and that the typographical/administrative error committed on the charge sheet is of little consequence. The court was properly convened.

The findings of guilty and sentence are AFFIRMED.

FORAY, Senior Judge and SNYDER, Judge, concur.