UNITED STATES, Appellee,

v.

Staff Sergeant Kenneth P. LARSON,
431–06–8257, United States Army,
Appellant.

ACMR 9100423.

U.S. Army Court of Military Review.

30 Aug. 1991.

For Appellant: Captain James M. Heaton, JAGC, Captain Emmett G. Wells, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Captain Donna L. Barlett, JAGC (on brief).

Before De GIULIO, HAESSIG and KELSEY, Appellate Military Judges.

OPINION OF THE COURT

De GIULIO, Judge:

Consistent with his pleas, a general court-martial found appellant guilty of sodomy with a four-year-old child, soliciting a four-year-old child to commit sodomy, communicating indecent language to another, and two specifications of indecent assault, in violation of Articles 125 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 925 and 934 (1982) [hereinafter UCMJ]. He was sentenced to a dishonorable discharge, confinement for three years, forfeiture of $600.00 pay per month for three years, and reduction to Private E1. The convening authority approved the sentence but suspended the forfeitures for thirty-six months.

Appellant asserts that the court-martial lacked jurisdiction because the proceedings had already begun under one convening order, but his court-martial was convened under a new order with the express limitation that it could try cases only if trial proceedings had not yet begun. We find the assertion without merit and affirm.

The charges and specifications in appellant's case were referred to trial by Court–Martial Convening Order (CMCO) Number 21, dated 25 September 1990. On 3 January 1991, in an Article 39(a), UCMJ, session, appellant elected trial by officer members and was arraigned. Motions and trial on the merits were scheduled for a later date. Court–Martial Convening Order Number 2, dated 4 January 1991, detailed officers to the general court-martial, including some of the same officers detailed by CMCO Number 21. It contained the following directive, "All cases referred to the special court-martial convened by order no. 21, this headquarters, U.S. Army Military District of Washington, D.C., dated 25 September 1990, in which proceedings have not begun, will be brought to trial before the court-martial hereby convened."[1] On

---

1. The reference to special courts-martial appears to be in error since CMCO 21 is a general court-martial order. CMCO Number 21 and Number 2 have the same language. If this is

23 January 1991, CMCO Number 4 was issued. It detailed some new members and excused other members "for the trial of [appellant] ... only." It also contained language to indicate that CMCO Number 2 amended CMCO Number 21, the original court-martial to which this case was referred.

At trial, after a long and tortuous discussion initiated by the military judge, it was agreed that the intent of the convening authority was to refer appellant's case to the court-martial which actually tried appellant (CMCO Number 2 as amended by CMCO Number 4). Throughout the discussion, trial defense counsel did not object. Upon inquiry by the military judge, trial defense counsel stated, "Well, Your Honor, it is still somewhat confusing, but I can understand what the intent is." When asked if he was confident of what had been determined as "the correct state of the orders," trial defense counsel replied, "Yes, Your Honor."

■ It is well established that a defective referral does not constitute jurisdictional error but should be tested for prejudice. *United States v. King*, 28 M.J. 397, 399 (C.M.A.1989); *United States v. Emerson*, 1 C.M.R. 43, 45 (C.M.A.1951).[2] The basic requirements for referral are met in this case; i.e., (1) A convening authority authorized to convene courts-martial and not disqualified; (2) preferred charges which have been received by the convening authority for disposition; and (3) a court-martial convened by that convening authority or his predecessor in command. *King*, 28 M.J. at 399. Before assembly, the convening authority may change the members of the court-martial without showing cause. Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 505(c)(1)(A).

■ In the case *sub judice*, although an Article 39(a), UCMJ, session had been held, the court had not been assembled. The convening authority could properly change court members of the court-martial. His intent was clear in CMCO Number 4 which changed members "for the trial of [appellant] only." All parties to the trial understood the convening authority's intent. Trial defense counsel failed to challenge the regularity of the referral. Under these circumstances, we find no prejudice to appellant. The assertion of error is without merit.

The assertions of error raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), are also without merit.

The findings of guilty and the sentence are affirmed.

Judge HAESSIG and Judge KELSEY concur.

---

not an error, the limiting provision does not apply to general courts-martial. Appellant's case is a general court-martial. Attention to administrative detail by the Staff Judge Advocate and his staff would preclude litigation of this issue.

**2.** *Contra United States v. Cote*, 11 M.J. 892 (A.F.C.M.R.1981). The detailed facts of *Cote* are not set forth in the opinion. We question whether the issue in *Cote* would be resolved the same after *King*.