# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

———————————

**No. ACM 39481**

———————————

**UNITED STATES**
*Appellee*

**v.**

**Cody A. LEAKEY**
Airman Basic (E-1), U.S. Air Force, *Appellant*

———————————

Appeal from the United States Air Force Trial Judiciary

Decided 2 January 2019

———————————

*Military Judge:* Brian D. Teter.

*Approved sentence:* Dishonorable discharge, confinement for 50 months, and forfeiture of all pay and allowances. Sentence adjudged 12 February 2018 by GCM convened at Joint Base San Antonio-Lackland, Texas.

*For Appellant:* Lieutenant Colonel R. Davis Younts, USAF.

Before JOHNSON, DENNIS, and LEWIS, *Appellate Military Judges*.

———————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

———————————

PER CURIAM:

In accordance with Appellant's pleas pursuant to a pretrial agreement, a general court-martial composed of a military judge convicted Appellant of one specification of attempting to communicate indecent language to a minor, one specification of attempting to receive child pornography, one specification of abusive sexual contact, two specifications of sexual assault of a child, and one specification of sexual abuse of a child in violation of Articles 80, 120, and 120b, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 880, 920, 920b. The military judge sentenced Appellant to a dishonorable discharge, confinement

for 50 months, and total forfeiture of pay and allowances. The convening authority approved the sentence as adjudged.

This case was submitted to us on its merits with no assignment of error. Having reviewed the record, we note several errors worthy of brief discussion.

The first two errors involve the Specification of Charge II. When the specification was preferred against Appellant, it alleged that Appellant did "commit sexual contact *with* Airman Basic [KF]." (Emphasis added). In accordance with the preliminary hearing officer's recommendation and the staff judge advocate's pretrial advice, the specification as referred by the convening authority alleged that Appellant did "commit sexual contact *upon* Airman Basic [KF]." (Emphasis added). The original charge sheet included in the record of trial does not reflect this change and instead includes the word "with" instead of "upon." Similarly, the 30 May 2018 Court-Martial Order (CMO) includes the word "with" instead of "upon." Because the convening authority's intent is clear in the record before us and the military judge accurately advised Appellant of the elements of the offense in accordance with the convening authority's intent, we find no prejudice in the errors on the charge sheet or CMO. *See United States v. Blascak*, 17 M.J. 1081, 1082 (A.F.C.M.R. 1984).

A third error can be found in the referral block of the charge sheet referring the Additional Charge "[t]o be tried with the original charges, dated 4 December 2018." Though the original charges were, in fact, dated 4 December 2017, we find no prejudice in the erroneous date placed on the charge sheet. *See United States v. Otero*, 26 M.J. 546, 548 (A.F.C.M.R. 1988) (finding no jurisdictional error in discrepancy between date on actual convening order and date which appeared in referral portion of the charge sheet).

We find yet another error in the absence of four attachments to Prosecution Exhibit 1 from the record of trial. Prosecution Exhibit 1, a stipulation of fact, lists nine attachments, but only attachments 1–5 are actually attached to the exhibit in the record of trial. The missing attachments, attachments 6–9, are recordings. In our review of the record, we discovered each of these attachments in the portion of the record containing allied papers. Applying the standard set forth in *United States v. Abrams*, 50 M.J. 361, 363 (C.A.A.F. 1999), we find enough information available in the record to rebut the presumption of prejudice and are confident we can complete our Article 66, UCMJ, review of Appellant's case.

The fifth and final error we address involves the staff judge advocate's recommendation. In it, the staff judge advocate stated that the maximum confinement Appellant faced was 112 years, failing to take into account that the military judge had merged three of the specifications thereby decreasing Appellant's maximum confinement period to 62 years. We find the error plain and

obvious, but do not find a colorable showing of possible prejudice. *See United States v. Scalo*, 60 M.J. 435, 436–37 (C.A.A.F. 2005). Under the facts of this case, we are confident that stating the proper maximum confinement would not have led to a more favorable recommendation nor clemency by the convening authority. *See United States v. Green*, 44 M.J. 93, 95 (C.A.A.F. 1996).

Though the combination of these errors do not result in relief for Appellant *in this case*, they do lead us to remind military justice practitioners to pay closer attention to the referral documents and post-trial documents contained in the record of trial.

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to Appellant's substantial rights occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and sentence are **AFFIRMED**.[*]

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court

---

[*] In addition to the previously discussed error in the Specification of Charge II, we note that the expurgated CMO includes the initials "MC" vice "MV" in Specification 1 of the Additional Charge. We order the promulgation of a corrected CMO to correct both errors.