# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 22-5228**

**September Term, 2023**

FILED ON: MARCH 26, 2024

COREY J. CAMPBELL,
                APPELLANT

v.

FRANK KENDALL, III, SECRETARY OF THE AIR FORCE,
                APPELLEE

Appeal from the United States District Court
for the District of Columbia
(No. 1:21-cv-02654)

Before: KATSAS and GARCIA, *Circuit Judges*, and EDWARDS, *Senior Circuit Judge*.

## JUDGMENT

This appeal was considered on the briefs and the district-court record. The Court has fully considered the issues and determined that a published opinion is unwarranted. *See* Fed. R. App. P. 36; D.C. Cir. R. 36(d). It is

**ORDERED** that the judgment of the district court be **AFFIRMED**.

I

In October 2014, Air Force Staff Sergeant Corey Campbell had sex with his wife's seventeen-year-old sister while she was intoxicated and sometimes unconscious. A court-martial convicted Campbell of sex offenses, adultery, and wrongfully providing alcohol to a minor. On direct review, the Court of Appeals for the Armed Forces held that the court-martial had improperly considered propensity evidence. *United States v. Campbell*, 77 M.J. 366 (C.A.A.F. 2018) (mem). The CAAF set aside Campbell's convictions for the sex offenses and his sentence, but it otherwise affirmed. The CAAF permitted rehearing on the sex offenses and the sentence.

On remand, the convening authority referred the matter for rehearing, and a general court-martial found Campbell guilty of sexual assault by causing bodily harm. The court-martial sentenced Campbell to four years' confinement, reduction in rank, and dishonorable discharge. The Air Force Court of Criminal Appeals affirmed, *United States v. Campbell*, No. ACM 38875,

2021 WL 1346044 (A.F. Ct. Crim. App. Feb. 10, 2021), and the CAAF denied review, *United States v. Campbell*, 81 M.J. 421 (C.A.A.F. 2021) (mem).

After serving his sentence, Campbell filed this action, initially styled as a petition for *coram nobis*. Campbell sought "relief from the findings and sentence of the court-martial." J.A. 10. He challenged the convening authority's referral order and the military judge's instructions.

The district court held that *coram nobis* was an improper vehicle for collateral review of the court-martial judgment. *Campbell v. Kendall*, 1:21-CV-02654-CJN, ECF No. 17 at 3–6 (D.D.C. July 14, 2022). Nonetheless, the court construed Campbell's petition as a procedurally appropriate collateral attack on the judgment. *Id.* at 6 n.5. Then, it summarily rejected Campbell's arguments. *Id.* at 6–8. Campbell appealed.

II

Campbell seeks to pursue a non-custodial collateral attack on a court-martial judgment. The parties dispute the appropriate standard of review for such attacks; Campbell asks us to freely review his conviction and sentence, and the government objects that we may consider only whether the conviction was void. This Court previously has reserved questions about the appropriate standard of review for non-custodial collateral attacks on court-martial judgments. *See Sanford v. United States*, 586 F.3d 28, 33 (D.C. Cir. 2009). Here too, we need not resolve that question because Campbell's arguments fail under any standard.

Campbell claims that the military judge erred in instructing the court-martial that a person impaired by a drug or intoxicant cannot consent to sexual conduct. He objects that another statute makes it unlawful to commit a sexual act upon someone "incapable of consenting" due to intoxication. 10 U.S.C. § 920(b)(3) (2012). So, he reasons that the instructions here effectively allowed him to be convicted of that uncharged offense.

This argument plainly lacks merit. Campbell had been charged with sexual assault by causing "bodily harm," *see* 10 U.S.C. § 920(b)(1)(B) (2012), which in this case was nonconsensual sexual contact with his sister-in-law, *see id.* § 920(g)(3). The government thus needed to prove that Campbell's sister-in-law had not consented to the sexual contact. "A sleeping, unconscious, or incompetent person cannot consent," *id.* § 920(g)(8)(B), and the court-martial was required to consider "[a]ll the surrounding circumstances" in evaluating whether the sister-in-law had consented, *id.* § 920(g)(8)(C). The challenged instruction correctly stated this law and was appropriate given the facts of the case. Because the instructions were proper for the charged offense, it is immaterial whether they also would have been proper for a different, uncharged one—as the Air Force Court of Criminal Appeals correctly concluded. *See Campbell*, 2021 WL 1346044, at *10–12.

Next, Campbell argues that a defective referral order deprived the court-martial of jurisdiction. Despite the CAAF's order setting aside his initial sentence, Campbell remained subject to supervised release when the convening authority referred charges to the second court-martial. According to Campbell, this continuing supervised release meant that the new court-martial was not properly convened, which made the ensuing conviction and sentence a nullity.

2

This argument also lacks merit. The CAAF decision expressly authorized Campbell to be retried for the alleged sex offenses. 77 M.J. at 366. Campbell fails to explain why his continuing supervised release, even if unlawful, made the ensuing referral defective. And he cites no authority suggesting that a defective referral would deprive the new court-martial of jurisdiction. To the contrary, "[i]t is well established that a defective referral does not constitute jurisdictional error but should be tested for prejudice." *United States v. Larson*, 33 M.J. 714, 715 (A.C.M.R. 1991) (citing *United States v. King*, 28 M.J. 397, 399 (C.M.A. 1989)); *see also Sherrill v. Commandant, USDB*, 118 Fed. App'x 384, 386 (10th Cir. 2004) (similar). Campbell does not contend that the continuing supervised release prejudiced him in the new trial. And when the military judge found the continuing supervised release to be unlawful, she remedied Campbell's injury by crediting that time against his new sentence. *See Campbell*, 2021 WL 1346044, at *4–5.

Finally, Campbell argues that his sentence violated his speedy-trial rights under Rule for Courts-Martial 707. Campbell forfeited this claim by failing to raise it before the district court. *See Manitoba v. Bernhardt*, 923 F.3d 173, 179 (D.C. Cir. 2019).

For these reasons, the district court's judgment is affirmed. The Clerk is directed to withhold issuance of the mandate until seven days after resolution of any timely petition for rehearing or rehearing *en banc*. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41(a)(1).

**Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY: /s/
Daniel J. Reidy
Deputy Clerk