UNITED STATES, Appellee

v

DAVID MARC SIMPSON, Seaman Apprentice, U. S. Navy, Appellant

16 USCMA 137, 36 CMR 293

*Commander Walter F. Brown,* USN, argued the cause for Appellant, Accused. With him on the brief were *Captain L. G. Bohlen,* USMC, and *Major Ernest B. Wright,* USMC.

*Lieutenant Jean E. Van Slate,* USNR, argued the cause for Appellee, United States. With him on the brief were *Colonel J. E. Hanthorn,* USMC, and *Lieutenant H. C. Donegan,* USNR.

## Opinion of the Court

QUINN, Chief Judge:

This case raises a question as to the legality of the procedure by which the charges were referred to trial.

Initially, we denied the accused's petition for grant of review because it did not appear that the challenged procedure was in effect at the time the charge was referred to trial. United States v Simpson, 15 USCMA 694. Thereafter the accused petitioned for reconsideration and moved to submit matter from outside the record, which indicated that the procedure was in effect at all relevant times and was followed in this case. We granted the motion and petition for reconsideration. See United States v Dickenson, 6 USCMA 438, 457, 20 CMR 154.

On March 1, 1965, a charge of unauthorized absence for approximately nine months was filed against the accused. By indorsement, dated March 15, 1965, Captain G. H. Whiting, the Commanding Officer, U. S. Naval Station, San Diego, California, referred the charge to "the special court-martial appointed by my appointing order." The case came up for trial on April 7, 1965, and the accused entered a plea of guilty. He was convicted on the plea, and sentenced to a bad-conduct discharge, confinement at hard labor for six months, and accessory punishments. No objection was made to the propriety of the reference of the charge to trial. As indicated, however, the procedure was called in question on the application for review.

To handle the "substantial caseload" at the command, the convening authority established a system of courts-martial. Three special courts were constituted for the calendar year. Each met once a week, one on Monday, another on Wednesday, and the third on Friday. When the convening authority determined to refer a charge to trial by special court-martial he "made a specific referral" to *a* special court-martial, but he did not designate which of the three would hear the case. The selection of the trial court depended "solely" on defense counsel. As soon as he advised trial counsel he was ready for trial, the case was assigned by trial counsel to the court-martial that met first after defense counsel's request. In this case, defense counsel notified trial counsel on April 5, that he was prepared for trial. He asked that the case go to trial on April 7, 1965, the next day that one of the three special courts was to convene. Trial counsel assigned the case for trial in accordance with the defense request.

Navy boards of review have reached opposite conclusions as to the validity of the procedure of assignment. In United States v Frenze, NCM 65–1526, decided October 19, 1965 (unpublished), the board of review held that the system of assignment did not violate the Uniform Code of Military Justice. This decision was certified by The Judge Advocate General of the Navy for review by this Court. In United States v Bean, NCM 65–1369, decided October 21, 1965 (unpublished), the board of review determined that the selection of a specific court to try a particular case is a

"judicial function," which could not be exercised by anyone but the convening authority; it concluded that the procedure constituted prejudicial error.

Although the court-martial system has distinctly unique elements, in many respects its procedures are similar to those in the civilian courts. The similarities invite comparison between the two as to the procedure followed here. The first thought that suggests itself is that the assignment procedure in this case is similar to the assignment procedure that prevails in many civilian courts. In those courts, when a case is marked ready for trial, the assignment commissioner, or like official of the court, prepares a ready calendar and, as practicable, assigns cases therefrom to a particular judge. See Rule 11, Local Rules of the United States District Court for the District of Columbia. The widespread nature of the practice in the civilian community tends to support the conclusion that the assignment of a case to a particular judge or division of the court is a function that the judicial authority may properly delegate to its administrative staff. Whatever the nature of the function, however, there is still the question whether the procedure utilized here prejudiced the accused in any substantial right guaranteed him by the Uniform Code of Military Justice and the Manual for Courts-Martial, United States, 1951.

No provision in the Uniform Code of Military Justice directly and explicitly spells out the requirements and the form of the reference of a charge to a court-martial for trial. United States v Emerson, 1 USCMA 43, 1 CMR 43. However, the several provisions dealing with the convening authority indicate that the accused is "assured that the convening authority himself will . . . decide whether to refer the case for trial or not to do so, and, in the former instance, will determine the grade of court-martial—summary, special or general—by which it shall be heard." United States v Williams, 6 USCMA 243, 245, 19 CMR 369. These powers are judicial in nature, and can-

not be delegated to another. United States v Bunting, 4 USCMA 84, 15 CMR 84; United States v Roberts, 7 USCMA 322, 22 CMR 112. Both powers were exercised personally by the convening authority in this case. Up to this point, therefore, the procedure followed by the convening authority was unassailable.

Two provisions of the Uniform Code, supra, may be construed as indicating that the charges should be referred directly by the convening authority to a particular court-martial. Article 35, 10 USC § 835, which provides for service of the charges upon the accused, imposes this duty upon the "trial counsel *to whom court-martial charges are referred for trial*" (emphasis supplied); Article 27, 10 USC § 827, which provides for defense counsel for the accused, apparently contemplates that counsel will have at least the minimum of time provided by Article 35 for preparation of the defense before the case is marked ready for trial. Considered in the light of the practice in both the Army and Navy before the Uniform Code of Military Justice, the interpretation is not unreasonable. Yet, even so interpreted, these provisions do not amount to a jurisdictional imperative. In fact, we have held that the failure to follow prescribed procedure on the reference of charges to trial is not a jurisdictional defect. United States v Emerson, supra; United States v Greenwalt, 6 USCMA 569, 20 CMR 285.

Undeniably, customary procedure contemplates that the convening authority designate, in the order of reference, the particular court-martial to which the case is assigned. If the requirement is not fully spelled out in the Uniform Code, it is clearly delineated in the Manual for Courts-Martial, which in this area has the force of law. United States v Smith, 13 USCMA 105, 32 CMR 105. The form of indorsement on the charge sheet which provides for the reference of the charges to trial plainly requires the designation. Manual for Courts-Martial, supra, Appendix 5, page 467. The requirement is further evident in

the Guide—Trial Procedure of the Manual. In the Guide, trial counsel's statement to the court members, as to the action taken on the charges, refers to the fact that they "are properly *referred to this court for trial by* ——, *the convening authority*." (Emphasis supplied.) *Id.*, Appendix 8a, page 507. See also Department of the Army Pamphlet No. 27–173, Military Justice, Trial Procedure, page 9 (1964). It follows, therefore, that the assignment procedure utilized in this case was contrary to prescribed practice, and was error. Not every departure from established procedure, however, is ground for reversal of an otherwise valid conviction. On the contrary, Article 59 of the Uniform Code, 10 USC § 859, enjoins military appellate tribunals not to set aside a conviction for "error of law unless the error materially prejudices the substantial rights of the accused."

The evidence before us establishes that the procedure was not designed, or used, as a means of enabling the trial counsel to choose his own court for a particular case. Cf. United States v Allen, 5 USCMA 626, 18 CMR 250. Rather, it was intended, and used, to expedite the disposition of cases in the command. The evidence also irrefutably demonstrates that the system of assignment did not in any way prejudice the accused. Manifestly, it afforded him the opportunity to obtain trial at a time convenient to him. Even now, the accused does not suggest that he suffered any disadvantage as a result of the procedure. Under these circumstances, the unauthorized proceeding does not require reversal of the conviction, especially in view of the accused's plea of guilty. United States v Cruz, 10 USCMA 458, 28 CMR 24.

We affirm the determination of the board of review.

Judges FERGUSON and KILDAY concur.