**UNITED STATES**

v.

**Airman Basic Paul A. FIELDS, FR 187–56–7426, United States Air Force.**

**ACM S26139.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 17 June 1983.

Decided 25 Jan. 1984.

Appellate Counsel for the Accused: Colonel Leo L. Sergi and Captain John V. Sullivan.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Captain Kevin L. Daugherty.

Before FORAY, SNYDER and O'HAIR, Appellate Military Judges.

DECISION

FORAY, Senior Judge:

Contrary to his pleas, the accused was convicted by a special court-martial consisting of a military judge sitting alone of four drug offenses. He was sentenced to a bad conduct discharge, confinement at hard labor for six months, and forfeiture of $250.00 per month for six months.

One error assigned by appellate defense counsel warrants comment. It complains:

THE COURT WHICH TRIED THE APPELLANT WAS WITHOUT AUTHORITY TO DO SO.

██ The special court-martial convening authority referred the charges against the accused to trial on 8 April 1983, before a court convened pursuant to Special Order AE–20, Headquarters 18th Combat Support Group, dated the same day. Pursuant thereto, trial commenced 13 April 1983. When advised of his rights concerning counsel the accused expressed a desire to be represented by a military counsel other than the one detailed by the convening authority. Defense counsel then moved for a continuance of the case until such time as the counsel request could be acted upon by proper authority. The motion was granted by the military judge. The ac-

cused had not yet been arraigned when the court "adjourned."[1]

The trial of the case resumed 17 June 1983, and the trial counsel announced that the court was convening pursuant to Special Order AE–20, *supra,* as "amended" by Special Order AE–29, same headquarters, dated 10 June 1983. A copy of each special order was then furnished to the court reporter for insertion into the record of trial.

An examination of Special Order AE–29 reveals it is not an order amending Special Order AE–20 but, instead, is an order convening a new court. Manual for Courts-Martial, 1969 (Rev.), paragraphs 37*c* (1), 56 *a* and *b,* and Appendix 4a. Special Order AE–29 contains the statement or "savings clause:"

> All cases in the hands of the trial counsel of the special court-martial convened by *Special Order AE–29, this headquarters, dated 10 June 1983,* in which trial proceedings have not begun or in which accused has not requested trial by the military judge alone will be brought to trial before the court hereby convened. (Emphasis supplied)

The "savings clause" which withdraws cases from Special Order AE–29 and then refers the withdrawn cases for trial by a court convened by Special Order AE–29 has no practical meaning. It is the obvious result of careless drafting and review on the part of those imposed with the responsibility to administer the military justice program for the convening authority.

That the trial of this case before the court convened pursuant to Special Order AE–29 was not proper is readily apparent.[2] We must now determine whether the impropriety ascends to the level of a jurisdictional defect requiring reversal—the remedy urged on appeal.

The new court created by Special Order AE–29 had the necessary requisites of jurisdiction. It was created by an officer empowered by statute to convene it; the members were selected in accordance with the law regarding number and competency to serve; and the court was authorized by law to try the person and the offenses charged. *United States v. Blaylock,* 15 M.J. 190 (C.M.A.1983); *United States v. Shepardson,* 17 M.J. 793 (A.F.C.M.R. 7 December 1983); Articles 2(a)(1), 19, 23, 25, and 134, Uniform Code of Military Justice; 10 U.S.C. §§ 802(a)(1), 819, 823, 825, 934; M.C.M., paragraph 8.

■ We also note that the procedural provisions concerning referral of cases to trial by courts-martial are not statutory. The procedures are provided for in the Manual. M.C.M., paragraphs 33*j* and 37*c* (1). Normally, a departure from the procedures set forth in the Manual for customary usage does not constitute a defect of jurisdictional proportion. *United States v. Emerson,* 1 U.S.C.M.A. 43, 1 C.M.R. 43 (1951); *United States v. Simpson,* 16 U.S.C.M.A. 137, 36 C.M.R. 293 (1966); *United States v. Blaylock, supra.*

■ Having determined that the trial of the accused by a court-martial to which the charges against him were not properly referred is not a jurisdictional defect, we must next determine whether the error otherwise requires reversal. In this regard we find M.C.M., paragraph 67*b,* controlling. That paragraph states:

> Defenses and objections based on defects in the ... references for trial ... other than objections going to the jurisdiction of the court ... may be raised only by a motion for appropriate relief. Failure to raise any such objection prior to plea or prior to the conclusion of any Article

---

1. We do not consider the 13 April session of the trial to be a "trial proceeding" as contemplated by M.C.M., paragraph 37*c,* as it was terminated before the accused could be arraigned. *United States v. Sayers,* 20 U.S.C.M.A. 462, 43 C.M.R. 302 (1971).

2. There is no reference to Special Order AE–20 anywhere in Special Order AE–29. The indorse-

ment on the charge sheet refers the charges to trial to the special court-martial appointed by Special Order AE–20. No new reference was prepared and affixed to the charge sheet ordering the charges tried by the new court convened under Special Order AE–29. M.C.M., paragraph 33*j.*

39(a) session held prior to assembly, whichever occurs earlier, constitutes a waiver thereof. . . .

 We find such a waiver to have occurred in this case. At no time did the accused raise any objections based on any defects in the reference for trial of his case.[3] *United States v. Emerson, supra; United States v. Platt,* 21 U.S.C.M.A. 16, 44 C.M.R. 70 (1971), M.C.M., para. 67*b*.

We would not have invoked the waiver doctrine in this case had the claim on appeal been that the convening authority had exercised improper command control; however, no such claim has been urged. *United States v. Blaylock, supra;* Article 37, U.C.M.J.

For the reasons stated the findings of guilty and the sentence are

AFFIRMED.

SNYDER and O'HAIR, Judges, concur.

---

**3.** Because of our disposition of the assignment of error, Appellate Government Counsel's Motion for Leave to File Affidavit is denied.