**UNITED STATES**

v.

**Sergeant Devin S. BRINSTON, FR 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, United States Air Force.**

**ACM 27269.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 27 Sept. 1988.

Decided 23 March 1989.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair; Captain Laurence M. Soybel and Major John V. Sullivan, USAFR.

Appellate Counsel for the U.S.: Colonel Joe R. Lamport; Lieutenant Colonel Robert E. Giovagnoni and Captain Joseph V. Treanor, III.

Before FORAY, MICHALSKI and MURDOCK, Appellate Military Judges.

**DECISION**

FORAY, Senior Judge:

Pursuant to his pleas, appellant was convicted by a general court-martial of five offenses of failing to go to his appointed place of duty, wrongful use of marijuana, and two offenses alleging bank fraud under 18 U.S.C. § 1344, in violation of Articles 86, 112a, and 134, UCMJ, 10 U.S.C. §§ 886, 912a, 934, respectively. The approved sentence extends to a bad conduct discharge, confinement for 16 months, forfeiture of $500.00 per month for 18 months, and reduction to the lowest enlisted grade.

For the first time on appeal, appellant claims that the general court-martial that

tried him was without jurisdiction to do so.[1] Specifically, he claims that the charges against him were improperly referred to trial by an officer not empowered to convene general courts-martial.

At the outset of appellant's trial, the trial counsel announced that the general court-martial which was to try appellant was convened by "Court–Martial Convening Order (sic) Number A–2478, Headquarters, Oklahoma City Air Logistics Center, Tinker Air Force Base."[2] The copy of that special order, which was inserted at that point into the record of trial, shows that it was dated 7 September 1988. Special Order A–2478 states that the court-martial convened therein was convened pursuant to the authority contained in Special Order GA–141, Department of the Air Force, dated 21 July 1986.[3]

Later in the trial, the military Judge ordered the reference to trial to be copied *verbatim* into the record. The reference to trial, however, shows that the charges against appellant were referred for trial to the general court-martial convened by the previously mentioned Special Order A–2478 by the Commander, 2845th Air Base Group, Tinker Air Force Base, and not by the Commander, Oklahoma City Air Logistics Center.[4] On 7 September 1988, the Commander, 2845th Air Base Group, was empowered to convene special courts-martial[5] but not general courts-martial. According to appellant, this is the basis for his claim

that the charges against him were not properly referred to trial.

■ Pursuant to RCM 201(b)(1), for a court-martial to have jurisdiction to try an accused it must be convened by an official empowered to convene it. Those officials who are empowered to convene general courts-martial are set forth in Article 22(a), UCMJ. As concerns the Air Force, Article 22(a)(4) and (a)(7) specifically designate the Secretary of the Air Force and commanders of air commands, air forces, air divisions, or separate wings to convene general courts-martial. In addition, Article 22(a)(8), empowers the Secretary to designate commanders of organizations other than those specifically mentioned in Article 22(a)(7) to also exercise general court-martial jurisdiction.[6] In the case before us, neither the Commander, Oklahoma City Air Logistics Center, nor the Commander of the 2854 Air Base Group, fell within the definition of those commanders set forth in Article 22(a)(7), as authorized to convene general courts-martial. The former commander, however, did fall within the purview of Art 22(a)(8), as a commander designated by the Secretary Of The Air Force to convene general courts-martial pursuant to Special Order GA–201, Department Of The Air Force, 31 July 1987.

Appellate Government counsel concede that appellant's confusion over the referral of his case to trial is understandable as the record of trial is devoid of any "action" to

---

1. A failure to raise a defense or objection based upon lack of jurisdiction, before the court-martial is finally adjourned, does not constitute a waiver of that defense or objection. RCM 905(e).

2. Special Order A–2478 was published pursuant to the direction of Major General William P. Bowden as commander.

3. Special Order GA–141 had been superseded prior to 7 September 1988 by Special Order GA–201, Department Of The Air Force, dated 31 July 1987, however, both orders had authorized the Commander, Oklahoma Air Logistics Center, to convene general courts-martial. *See* Article 22(a)(8), UCMJ, 10 U.S.C. § 822(a)(8).

4. The 2845th Air Base Group is a subordinate command of the Oklahoma City Air Logistics Center.

5. On 7 September 1988, the commander of the 2854th Air Base Group came within the purview of Article 23(a)(4), UCMJ, 10 U.S.C. § 823(a)(4), and was empowered to convene special courts-martial. *See also* Air Force Regulation (AFR) 111–1, *Military Justice Guide* (1 August 1984), paragraph 2–2a, and Special Order GA–201, Department Of The Air Force, 31 July 1987, paragraph 4. [AFR 111–1 (1 August 1984), paragraph 2–2a, was superseded by AFR 111–1, (30 September 1988), paragraph 3–2a.]

6. *See also* Article 22(a)(3) and (a)(9), and AFR 111–1 (30 September 1988), paragraph 3–1, regarding the exercise of general court-martial jurisdiction.

show that the general court-martial convening authority referred the case to trial. They say, however, that the referral portion of the charge sheet is not the only document to be relied on in determining the question raised by appellant in this appeal. They contend that the fourth indorsement to the Air Force Form 65, Transmittal Of Court–Martial Charges, in this case, dated 6 September 1988, signed by Brigadier General Denis L. Walsh as Commander, Oklahoma City Air Logistics Center, should also be considered in determining the issue before us.[7] In the indorsement, General Walsh states, "I hereby order that the charges and specifications in the case of Sgt Devin S. Brinston be tried by a General Court–Martial." This indorsement, according to appellate Government counsel, constitutes the referral to trial by general court-martial "notwithstanding the Tinker AFB legal office's oversight in inattentively typing the incorrect convening authority designation on the charge sheet (DD Form 458)." Additionally, counsel claim that the pretrial agreement in the case and the convening authority's action on the findings and sentence in the case make it "crystal clear the reality that the appellant's case was routed through the general court-martial process from start to finish."[8]

■ Appellate Government counsel's contention will provide it with little comfort. The apparent referral of the charges in this case to trial by general court-martial ordered by General Walsh as Commander, Oklahoma City Air Logistics Center, was dated 6 September 1988. The order of referral announced in the appropriate portion of the charge sheet and ostensibly signed for the Commander, 2845th Air Base Group, was dated 7 September 1988.

In addition, that order of referral was to the general court-martial convened by the special order issued under the authority of General Bowden as Commander, Oklahoma City Air Logistics Center, dated 7 September 1988. Under these circumstances General Walsh could not have referred the charges to trial on 6 September to a general court-martial not yet in existence.[9] The pertinent documents in the record of this trial fail to show that the general court-martial which tried and convicted the appellant was convened by an official empowered by Article 22, UCMJ, to do so and, we therefor, find that it was without jurisdiction to try appellant. *United States v. Kugima,* 16 U.S.C.M.A. 183, 36 C.M.R. 339 (1966); *United States v. Ortiz,* 15 U.S.C.M.A. 505, 36 C.M.R. 3 (1965); *United States v. Shelton,* 26 M.J. 787 (A.F.C.M.R.1988). This departure from the statutory provisions regarding the referral of this case to trial requires reversal.[10]

Accordingly, the approved findings of guilty and sentence are set aside. An "other" trial may be ordered. RCM 1107(e)(2).

Judges MICHALSKI and MURDOCK concur.

---

7. The indorsement signed by General Walsh is appended to the record of trial as an allied paper.

8. The pretrial agreement and the action of convening authority in this case were signed by General Bowden on 7 September and 9 November, 1988, respectively.

9. Pursuant to RCM 601(a), Discussion, referral of charges requires three elements: a convening authority who is authorized to to convene courts-martial and is not disqualified; preferred charges; and *a court-martial convened by that convening authority or a predecessor.* (Emphasis added.)

10. Ordinarily, a departure from the procedural provisions regarding referral found in the Manual For Courts–Martial does not constitute a jurisdictional defect. *United States v. Fields,* 17 M.J. 1070 (A.F.C.M.R.1984).