**UNITED STATES**

v.

**Sergeant Devin S. BRINSTON, FR 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, United States Air Force.**

**ACM 27269 (reh).**

U.S. Air Force Court of Military Review.

Sentence Adjudged 26 April 1989.

Decided 16 Nov. 1989.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair, Captain Ronald A. Gregory and Captain Laurence M. Soybel.

Appellate Counsel for the U.S.: Colonel Joe R. Lamport; Major Terry M. Petrie and Major Paul H. Blackwell, Jr.

Before FORAY, LEONARD and MURDOCK, Appellate Military Judges.

## DECISION UPON REHEARING

LEONARD, Judge:

This case is again before us for review. On 23 March 1989, we held that the general court-martial which convicted and sentenced appellant was not convened by an official empowered by Article 22, UCMJ, 10 U.S.C. § 822. We set aside the approved findings and sentence and authorized another trial under R.C.M. 1107(e)(2). *United States v. Brinston*, 28 M.J. 631 (A.F.C.M. R.1989). The record of trial was returned to the convening authority for action consistent with our opinion.

On 4 April 1989, the convening authority referred the original charges to trial by an "other" general court-martial. On 20 April 1989, a supplementary court-martial order, General Court–Martial Order No. 3, was published. This order announced the results of our 23 March decision and stated:

> *The charges are dismissed.* All rights, privileges, and property of which the accused has been deprived by virtue of the findings of guilty and the sentence so set aside will be restored. A rehearing has been ordered before another court-martial which has been designated. (Emphasis added.)

Without any other action on the charges, appellant's court-martial convened on 26 April 1989. The trial proceeded without any mention of General Court–Martial Order No. 3 and, in accordance with a pretrial agreement, appellant pleaded guilty to all charges and specifications except Charge III. After the pleas, Charge III was withdrawn and appellant's pleas were accepted, findings entered, and a sentence imposed.

■ When the record of appellant's "other" trial reached us for review, we noticed

an apparent inconsistency between referring the original charges to an "other" trial and later dismissing them. In a specified issue to appellate counsel, we asked whether dismissal of the charges after their referral, rendered the subsequent conviction on these charges a nullity. Both appellate government and appellate defense counsel agreed that dismissal of the charges by General Court–Martial Order No. 3 deprived appellant's second court-martial of jurisdiction over these charges and rendered his conviction a nullity.

Upon receipt of the opinion by this court, the convening authority could have decided to order an "other" trial or to dismiss the charges. The results of that decision are promulgated in an appropriate supplementary order following the format of Appendix 17b, Manual for Courts–Martial, 1984. The formats in this appendix provide a number of options and the drafter must choose the proper words to reflect the convening authority's decision. The introduction to Appendix 17b advises that "extreme care" be used in selecting the proper words from the sample forms. Whether or not intended, General Court–Martial Order No. 3 dismissed all the charges against the appellant and no action was taken to reinstate them prior to appellant's second trial. The result is similar to that in *United States v. Motes*, 40 C.M.R. 876 (A.C.M.R. 1969), where the convening authority dismissed some of the specifications against the accused prior to trial, but the trial nevertheless proceeded on all charges and specifications. The *Motes* court held, that despite a pretrial agreement and pleas of guilty, the dismissed specifications were not properly referred to trial and the convictions on the dismissed charges must be set aside. *Id.* at 879.

■ Dismissal of charges contemplates that an accused no longer faces those charges and reinstitution of those charges requires the command to start over. *Unit-*

*ed States v. Britton*, 26 M.J. 24 (C.M.A. 1988). If the dismissed charges are to again be the subject of a court-martial, they will have to be repreferred, investigated and referred as though there were no previous charges or proceedings. *Id.* at 26. Therefore, in appellant's case, the convening authority's dismissal of charges prior to the beginning of his second court-martial, with no further action to resurrect them, deprived that court-martial of jurisdiction over those charges.

■ The findings of guilty and the sentence are set aside. Since this is appellant's second trial on these charges and the results of both trials have been set aside because of defects in the government's processing of the case, in the interest of fairness and judicial economy, another trial is not appropriate. *United States v. Stroup*, 29 M.J. 224 (C.M.A.1989).

Judge MURDOCK concurs.

FORAY, Senior Judge (dissenting):

I am convinced that the statement—"the charges are dismissed"—in General Court–Martial Order No. 3 was erroneously included in the order by the drafter and that dismissal of the charges pending against appellant was not intended by the convening authority.[1] That statement was not in consonance with the other required actions taken by him during the processing of this case.[2] As convening authority he performed numerous functions required to be taken during the pendency of this case manifesting his intention that appellant was to be tried anew by a general court-martial and which were inconsistent with an intention to dismiss the charges. In addition to referring the charges against appellant to trial by general court-martial and convening a court-martial to do so, the convening authority approved appellant's Offer For Pretrial Agreement; authorized a post-arraignment withdrawal of five of

---

1. This apparent error in General Court–Martial Order No. 3 may be remedied by the issuance of a corrected copy of that order omitting the language dismissing charges. *See* AFR 111–1, paragraph 17–1e.

2. The convening authority exercising general court-martial jurisdiction over appellant at his "other" trial was the same officer who exercised general court-martial jurisdiction over appellant at his former trial.

the fourteen specifications pending against appellant; and took action with regard to the findings and sentence in the case. The latter three described steps took place after General Court–Martial Order No. 3 had been published thereby conclusively manifesting the convening authority's intention to have the charges against appellant tried by general court-martial and not dismissed. The situation here is clearly distinguishable from that outlined in *United States v. Motes*, 40 C.M.R. 876, cited by the majority. In *Motes* the question as to whether the convening authority had referred certain specifications of a charge to trial was found by the Army Board of Review to be "only a matter of speculation and conjecture". Such is not the case here.

I would find the administrative error committed by the drafter of General Court–Martial Order No. 3 did not give rise to a jurisdictional defect in the general court-martial trial of appellant mandating reversal of the conviction. "[A] writing should be construed to give meaning and effect to all its [parts]". "[W]hen alternative constructions are possible 'the more reasonable should be chosen.'" *United States v. McDaniel*, 7 U.S.C.M.A. 56, 21 C.M.R. 182, 185 (1956). Neither military nor civilian law demands rigid adherence to abstract form.

Here, the court-martial was convened by an official empowered to convene it; it was composed in accordance with the R.C.M. with respect to number and qualification of its personnel; the charges were referred by competent authority; appellant was subject to court-martial jurisdiction; and the offenses charged were subject to court-martial jurisdiction. The requisites of general court-martial jurisdiction over appellant jurisdiction set forth in R.C.M. 201(b), were thus met. *United States v. Blaylock*, 15 M.J. 190 (C.M.A.1983); *United States v. Simpson*, 16 U.S.C.M.A. 137, 36 C.M.R. 293 (1966); *United States v. Emerson*, 1 U.S.C.M.A. 43, 1 C.M.R. 43; *United States v. Otero*, 26 M.J. 546 (A.F.C.M.R.1988); *United States v. Fields*, 17 M.J. 1070 (A.F.C.M.R.1984).

Accordingly, I would affirm the approved findings of guilty and the sentence.