**UNITED STATES**

v.

**Airman Basic Lisa M. DELP, FR 601–14–4530, United States Air Force.**

**ACM S28261.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 29 Nov. 1989.

Decided 20 July, 1990.

Appellate Counsel for the Appellant:
Colonel Richard F. O'Hair; Major Bernard

E. Doyle, Jr. and Captain Iris I.M. Kirschner, USAFR.

Appellate Counsel for the United States: Colonel Robert E. Giovagnoni; Major Paul H. Blackwell, Jr. and Captain Morris D. Davis.

Before BLOMMERS, KASTL, MURDOCK and MILLS, Appellate Military Judges.

## DECISION

BLOMMERS, Senior Judge:

The issue presented in this case brings to mind the old TV game show "To Tell The Truth"—"Will the real convening authority please stand up?"

Charges (larcenies and unlawful entry) were preferred against the appellant on 20 November 1989.[1] On 22 November 1989, Special Order AC–9 was promulgated convening a special court-martial and listing five officers as its members. On its face, the order indicates the court was convened by Major General Michael A. Nelson, Commander of the Sheppard Technical Training Center (STTC), Sheppard Air Force Base (AFB), Texas. The authenticating official who signed the order was the STTC's staff judge advocate (SJA) in his capacity as an Assistant Chief, Base Administration. The order appears official and is in the precise form called for by Air Force directives. See Air Force Regulation 10–7, *Administrative Orders*, Fig. 2–9 (Change I, 29 January 1988).

On the same date, the charges against the appellant were referred to trial before the court convened by Special Order AC–9. The Referral section of the charge sheet indicates the convening authority is the Commander, 3750 Air Base Group (ABG), Sheppard AFB. The referral is signed "FOR THE COMMANDER" by the STTC SJA, the same officer who authenticated

the convening order. On 29 November 1989 (also the date of trial), Special Order AC–9 was amended by Special Order AC–12, which added a new member to the court and relieved one initially appointed. This latter order was also published by authority of the STTC commander, Major General Nelson.

Following trial, action on the record was taken by Colonel John R. Stephenson, Commander, 3750 ABG. The order promulgating the results of trial is under the command letterhead of the Headquarters, 3750 ABG, and contains Colonel Stephenson's signature block. The order states in part: "AIRMAN BASIC LISA M. DELP, FR601–14–4530, United States Air Force, 3762nd Student Squadron was arraigned at Sheppard Air Force Base, Texas on the following offenses *at a court-martial convened by this command*" (emphasis added). The official authenticating the promulgating order is again the STTC SJA. Both the STTC commander and the 3750 ABG commander are, pursuant to Secretarial designation, authorized to convene special courts-martial. See Article 23(a)(7), UCMJ, 10 U.S.C. § 823(a)(7), and Special Order GA–55, Department of the Air Force, paras. 1, 3 & 4, 22 November 1988 (this order also authorizes the STTC commander to convene general courts-martial). This order was in effect at the time of the appellant's trial.

The case was submitted to us without an assignment of error. The above matters raise questions as to whether this court-martial was properly convened, and if properly convened, whether the appropriate commander took the post-trial action as the convening authority. See R.C.M. 504 and 1107. Military law provides that "[w]hen convening a court-martial, *the convening authority* shall detail" the members thereof. Article 25(d)(2), UCMJ, 10 U.S.C. § 825(d)(2); R.C.M. 503(a)(1).[2] The power

---

1. Ultimately, she was found guilty of stealing jewelry worth about $450.00, wrongfully appropriating $200.00 in United States currency, and unlawful entry. The crimes occurred in a military dormitory at a technical training school. She was sentenced by a military judge sitting alone to a bad conduct discharge, two months

confinement, and forfeiture of two-thirds pay per month for two months.

2. During the initial session of her trial, the appellant elected to be tried before the military judge sitting alone. That decision does not resolve the jurisdictional issue we face. See *United States v. Ryan*, 5 M.J. 97 (C.M.A.1978).

to convene courts-martial may not be delegated. R.C.M. 504(b)(4). "Referral is the order of a convening authority that charges against an accused will be tried by a specified court-martial." R.C.M. 601(a). Rule 601(b) states: "Any convening authority may refer charges to a court-martial *convened by that convening authority* or a predecessor, unless the power to do so has been withheld by superior competent authority" (emphasis added). Rule 1107(a) provides that "*[t]he convening authority shall take action* on the sentence and in the discretion of the convening authority, the findings, unless it is impracticable" (emphasis added). We conclude that the provisions of Rules 504, 601 and 1107 mean that the same convening authority, or an authorized substitute,[3] must both convene (to include the referral) and take initial action on courts-martial. Thus, if the STTC commander actually convened the court, and the 3750 ABG commander took the action, the action would be invalid. In light of this situation, we specified the following issues:

## I

WAS THIS COURT–MARTIAL PROPERLY CONVENED SUCH THAT IT HAD JURISDICTION TO TRY THE APPELLANT?

## II

IF SO, WAS THE POST–TRIAL ACTION TAKEN BY THE APPROPRIATE CONVENING AUTHORITY?

■ In reply, appellate government counsel have provided several documents which have assisted us in resolving these issues. STTC Supplement 1 to AFR 10–7 gives the STTC SJA the responsibility for preparation and authentication of AC series orders, that is, orders convening general, special and summary courts-martial. An affidavit from the noncommissioned officer-in-charge of the Military Justice Division at Sheppard indicates that special courts have been convened in the above indicated manner for a number of years. Since the base legal office is responsible for preparing AC series orders, and since that office is part of the STTC staff, these orders "carry the Center heading whether the court is a special or general." Affiant further states that since the Center heading is the headquarters of the STTC commander, his name appears on the orders, not the Group commander's. We are assured, however, that the Group commander is in fact the convening authority for special courts at Sheppard; he personally selects the members and refers those cases to trial.

From another document submitted, this appears in fact to be the case here (see Appendix to this opinion). As one can readily see, the document is addressed to the special court-martial convening authority, the Commander, 3750 ABG, and signed by the STTC SJA. The document outlines the Group commander's responsibilities under Article 25, UCMJ, and lists the names of five officers as recommended members. Colonel Stephenson indorsed the document directing that the charges against Delp be referred to trial by special court-martial, and detailing the five officers listed as members of that court. Those officers are the ones named in Special Order AC–9, the convening order in this case. We also note that the date of the document signed by the STTC SJA and indorsed by Colonel Stephenson, the date of the referral as reflected on the charge sheet, and the date of Special Order AC–9 are all the same, 22 November 1989.

After our complete review of the record of trial, the briefs submitted by the parties in response to the specified issues, and the documentary materials submitted by the Government, we are convinced that Colonel Stephenson, as Commander, 3750 ABG, did

---

**3.** Rule 1107(a) provides in part: "If it is impractical for the convening authority to act, the convening authority shall, in accordance with such regulations as the Secretary concerned may prescribe, forward the case to an officer exercising general court-martial jurisdiction who may take action under this rule." In the Air Force, such guidance is provided in AFR 111–1, *Military Justice Guide* (30 September 1988) at paragraph 15–21. Suffice it to say that in the instant case this situation is not applicable.

in fact "convene" the appellant's court-martial. Thus, the referral and subsequent action on this case were proper. R.C.M. 201(b). *See also United States v. Hudson,* 27 M.J. 734 (A.C.M.R.1988); *United States v. Otero,* 26 M.J. 546 (A.F.C.M.R.1988); *United States v. Fields,* 17 M.J. 1070 (A.F. C.M.R.1984), *pet. denied,* 19 M.J. 56 (C.M. A.1984). The questions set forth in the specified issues are both answered in the affirmative. *See generally United States v. King,* 28 M.J. 397 (C.M.A.1989); *United States v. Yates,* 28 M.J. 60, 63 (C.M.A. 1989); *United States v. Jette,* 25 M.J. 16 (C.M.A.1987); AFR 111–1, para. 3–2a.

■ A court-martial convening order is an important document and should leave no question as to who the convening authority was and to what type of court the case has been referred. The procedure used in this case is not in accord with AFR 111–1, paragraph 4–7b(5), which addresses referral of charges, and states: "The designation of the convening authority should be the same as on the convening order." Further, the regulation governing administrative orders states: "Courts-martial orders must be published according to AFR 111–1." AFR 10–7, para. 1–3d. Although we have found no prejudice or legal error which affects the findings of guilty or the sentence in this case, we strongly recommend that this practice be changed so that future appellate issues can be avoided. Presently, there is at least one other case before this court which presents this same issue, albeit in a slightly different procedural setting.[4]

■ The Commander, 3750 ABG, by Secretarial designation, has the authority to convene special court-martial at Sheppard AFB. Orders for special courts-martial convened by him should be published under his authority and over his command letterhead. Our review of recent special court-martial cases from other technical training centers in Air Training Command reveals that convening orders are correctly prepared at those centers. Yet, just as at Sheppard, the legal office is assigned to the center commander's staff. *See* Air Force Pamphlet 23–13, *USAF Command Organization Chart Book* at 63 (21 April 1989).

■ As noted above, a portion of the trial court's sentence was "to forfeit two-thirds pay per month for two months." Although the military judge should have stated an amount to be forfeited in whole dollars, we do not find the sentence as announced to be an unlawful one. R.C.M. 1003(b)(2). In the order promulgating the results of trial, this portion of the sentence is reflected as a forfeiture of $465.00 per month for two months. Any change to the adjudged sentence should have been reflected in the action of the convening authority, not in the "Sentence" section of the order. R.C.M. 1107(d). Information in the record indicates that the appellant had less than four months service at the time of trial. The amount of forfeitures as set forth in the promulgating order is therefore excessive. Applying the pay scale in effect at the time of trial, a forfeiture of two-thirds pay equates to $430.00. We will adjust the sentence to that amount. Only so much of the sentence as provides for a bad conduct discharge, two months confinement, and forfeiture of $430.00 pay per month for two months is approved.

The findings of guilty and the sentence, as modified, are correct in law and fact. *See United States v. Boyle,* 30 M.J. 656, 657–658 (A.F.C.M.R.1990). Accordingly, upon the basis of the entire record, they are

AFFIRMED.

Senior Judges KASTL and MURDOCK and Judge MILLS concur.

---

4. The convening order in a special court-martial case from Sheppard AFB just received by this Court for review was published by authority of the Commander, 2750 ABG. *United States v. Means,* ACM S28311. The order, dated 2 March 1990, contains the Headquarters, 3750 AFB letterhead and Colonel Stephenson's signature block. The case was tried on 26 March 1990. Thus, it appears that the confusing practice which led to the appellate issue in the *Delp* case has been rectified. We commend those involved at Sheppard for doing so.

A P P E N D I X

```
UNITED STATES                    )
         v                       )
LISA M. DELP, AB, USAF           )          2 2 NOV 1989
FR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                    )
3762nd Student Squadron          )
Sheppard AFB TX 76311-5000       )
```

TO: Commander, 3750th Air Base Group

The following persons are proposed as court-martial members for trial by special court-martial in the above cited case. You have sole discretion in selecting the membership and should detail such persons who, in your opinion, are the best qualified for the duty by reason of age, education, training, experience, length of service and judicial temperament (Article 25, UCMJ). Instead of the officers proposed, you may select others assigned to this base.

Recommend selection of at least _five_ people for this case. You may select all the names listed below, add additional names or delete names as long as a minimum of _five_ names are selected.

LT COL ANDREW R. BEATY JR., 2054 Comm Sq (AFCC), this stn.
MAJ LEE L. BROESTL, HQ 80 Flying Tng Wg (ATC), this stn.
CAPT ROBERT M. GILBERT, HQ 3700 Tech Tng Wg (ATC), this stn.
CAPT KRYSTYNA M. KING, USAF Rgn Hosp Sheppard (ATC), this stn.
CAPT DANIEL P. CLEPPER, HQ 80 Flying Tng Wg (ATC), this stn.

_____

_____

_____

DENNIS E. KANSALA, Colonel, USAF
Staff Judge Advocate

     The Charges and Specifications are referred to trial by special court-martial. The persons listed above are detailed as members by the court as indicated.