UNITED STATES

v.

Staff Sergeant Garry KNIGHT, FR178–48–5896, United States Air Force.

ACM 29196 (recon).

U.S. Air Force Court of Military Review.

Sentence Adjudged 23 Jan. 1991.

Decided 6 Nov. 1991.

Appellate Counsel for the Appellant: Colonel Jeffrey R. Owens and Major Ronald G. Morgan.

Appellate Counsel for the United States: Lieutenant Colonel Brenda J. Hollis, Major Paul H. Blackwell, Jr., and Major Morris D. Davis.

Before LEONARD, RIVES and JAMES, Appellate Military Judges.

## UPON RECONSIDERATION

### PER CURIAM:

Appellant moved for *en banc* reconsideration of the decision this panel issued on 21 August 1991. That request was denied, but the panel decided upon its own motion to withdraw our original opinion and reconsider appellant's case. Upon reconsideration, we change a portion of our opinion, but do not grant appellant any relief.

Appellant pleaded guilty to using cocaine and missing a military movement and was sentenced by the military judge to a bad-conduct discharge, confinement for 6 months, reduction to E–1, and forfeiture of all pay and allowances. He asserts for the first time on appeal that the court-martial which tried him was jurisdictionally defective because Special Order AC–4 which convened his court-martial was dated after referral and service of his charges. He contends the charges were improperly referred to a court-martial which did not exist. We disagree and affirm. We hold that normal administrative delay in promulgating the order of the convening authority designating the type of court and selecting its members is not a jurisdictional defect.

The facts of appellant's case are uncontroverted. The referral, recorded on DD Form 458, Charge Sheet, states that the charges were "[r]eferred for trial to the general court-martial convened by Special Order AC–4 dated *10* January 1991...." This referral indorsement is dated 10 January 1991 and signed by the convening authority. Contrary to the indorsement, Special Order AC–4 is dated *11* January 1991. The order is not signed by the convening

authority but is instead authenticated by an Assistant Director of Administration.

An affidavit from the chief of military justice states he received the convening authority's selections for members of appellant's court-martial with the signed charge sheet and indorsement to the pre-trial advice on 10 January 1991. The special order was prepared on 10 January, but it was not signed by the person authorized to sign for the convening authority until 11 January 1991 because that person was absent.

■ The government does not claim waiver in this case, and we agree with appellant that jurisdictional defects are not waived and can be raised at any stage of the proceedings. R.C.M. 907(b)(1)(A). Accordingly, we move to the merits of appellant's claim.

Appellant relies on *United States v. Brinston*, 28 M.J. 631 (A.F.C.M.R.1989), in which the referral preceded the publishing of the convening order by 1 day. This Court concluded that the convening authority "could not have referred the charges ... to a general court-martial not yet in existence." *Id.* at 633. Standing alone, that language appears to state a proposition of law which directly supports appellant, but further scrutiny shows otherwise. *Brinston* rested not on the disparity in dates but instead on the fact that "[t]he pertinent documents ... fail to show that the general court-martial which tried and convicted the appellant was convened by an official empowered by Article 22, UCMJ, to do so...." *Id.* at 633.[1]

Appellant also relies on *United States v. Hardy*, 4 M.J. 20 (C.M.A.1977). However, *Hardy* concerned an order by the general court-martial convening authority directing that the special court-martial convening authority withdraw charges against Hardy so that they could be referred to a general court-martial. *Hardy* held the withdrawal of charges was not for a "proper reason," and the subsequent referral was improper and therefore invalid. *Id.* at 25–26.

The more analogous decision is *United States v. Otero*, 26 M.J. 546 (A.F.C.M.R.1988). There we held that a referral dated 16 April, which indicated the charges were to be tried by general court-martial convened by Special Order AC–32, dated 16 April, did not result in a jurisdictional defect when the special order was actually dated 17 April. *Id.* at 547–48; *accord United States v. Sparks*, 29 M.J. 52, 58 (C.M.A.1989) (not every error concerning appointment of court members or referral is jurisdictional); *United States v. Fields*, 17 M.J. 1070 (A.F.C.M.R.1984), *pet. denied*, 19 M.J. 56 (C.M.R.1984) (not all procedural errors in referral of charges amount to jurisdictional defects).

■ The discussion accompanying R.C.M. 601(a) lists three requirements for a referral: (1) an authorized convening authority who is not disqualified; (2) preferred charges; and (3) a court-martial convened by that convening authority or a predecessor. As in *Otero*, appellant contends that the third requirement was not satisfied. However, as in *Otero*, we find that, even if the requirement is not technically satisfied, there is no jurisdictional defect.[2]

---

1. After remand, the case was heard again on appeal on different grounds. The subsequent opinion of this Court makes it clear that the original decision in *Brinston* rested on the failure of the proper convening authority to convene the general court-martial which convicted Brinston. *United States v. Brinston*, 29 M.J. 871, 871 (A.F.C.M.R.1989), *rev'd on other grounds*, 31 M.J. 222 (C.M.A.1990). Furthermore, contrary to appellant's interpretation of *Brinston*, we noted there that "[o]rdinarily, a departure from the procedural provisions regarding referral found in the Manual For Courts–Martial does not constitute a jurisdictional defect." 28 M.J. at 633 and n. 10 (citing *United States v. Fields*, 17 M.J. 1070 (A.F.C.M.R.1984).

2. It is interesting to note that a formal convening order is not one of the specified chronological prerequisites to referral identified in R.C.M. 601(d). However, even failure to comply with an express chronological prerequisite does not necessarily rise to jurisdictional defect. In *United States v. Murray*, 25 M.J. 445 (C.M.A.1988), the Court of Military Appeals found no jurisdictional defect when the convening authority referred the charges for trial without having received the staff judge advocate's advice, notwithstanding the requirement that referral to a general court-martial not be made until the advice has been received. Article 34, UCMJ; R.C.M. 406(b), 601(d).

█ We do not believe that publishing a written order the duty day after referral violates the principles for referral or convening a court-martial. Special orders only publicize and implement the order of the convening authority, and no specific form of order is mandated. Consequently, once the convening authority designates the type of court-martial and selects its members, a specific court-martial is created and charges may be referred to it. *See* R.C.M. 504(d), 601(a).

█ R.C.M. 601(a) defines referral as the "order of a convening authority that charges against the accused will be tried by a specified court-martial." This convening authority gave that order on 10 January 1991. He memorialized it when, in the referral indorsement, he specified trial by the general court-martial designated by Special Order AC–4, the members of which he had already or contemporaneously selected. The later written order was simply a formal publication of that act. *United States v. Petro*, 16 C.M.R. 302, 305 (A.B.R.1954) (convening authority's verbal selection of personnel prior to departure on temporary duty constituted legally competent appointing order). Therefore, the date the written order was administratively authenticated is inconsequential for purposes of R.C.M. 601(a). *Cf. United States v. Wilson*, 29 M.J. 421 (C.M.A.1990). As long as the referral specifies the court-martial which will try the accused, a 1–day delay in preparation and authentication of the written order is not error.

The only "error" in this case was that the date in the referral attributed to the written special order differed from the actual date the order was authenticated because the convening authority was not aware the authenticating official would be delayed in publishing the order. This mistake was purely administrative and affected neither substance nor procedure.[3]

For the reasons stated, the approved findings and sentence are correct in law and fact and are

AFFIRMED.

**Judge JAMES, concurring:**

I agree with the majority, and I write separately only to state my view that this kind of administrivia should not be mistaken for a legal issue. *See United States v. Wilson*, 33 M.J. 512, 514 n. 8 (A.F.C.M.R. 1991), *pet. filed* (C.M.A. 4 October 1991); *United States v. Blackburn*, ACM 29045, 1991 WL 120219 (A.F.C.M.R. 18 June 1991) (James, concurring), *pet. granted*, 34 M.J. 75 (C.M.A.1991). A simple disparity in dates under these circumstances does not warrant appellate relief from a conviction, though it might deserve an inspector general's attention.

The disparity did warrant further inquiry. It suggested some deficiency in the referral that *might* have constituted legal error, and it deserved the kind of inquiry made by appellee, but appellant's counsel should make that inquiry, before the assignment of error. Only after that inquiry can counsel satisfy themselves that there is some factual basis for the argument that they advance. *See* Courts of Military Review Rules of Practice and Procedure, 22 M.J. CXXX, rule 6 ("... true and correct to the best of the knowledge and belief...."); ABA Model Rules of Professional Conduct, comment accompanying rule 1.1 ("Competent handling of a particular matter includes inquiry into and analysis of the factual and legal elements of the problem, ...."). *See also United States v. Daffron*, 32 M.J. 912, 915 n. 4 (A.F.C.M.R.1991), *pet. denied*, 34 M.J. 75 (C.M.A.1991). If an appellant then finds that his case was tried by the wrong court-martial or by a court-martial "convened" by someone who lacked authority to do so, then that appellant can best serve his own interests and the needs of this Court by submitting an affidavit to put the matter into controversy. *See United States v. Hilow*, 32 M.J. 439, 445 n. 2 (C.M.A.1991) (Cox, J., dissenting) (Appellant who elected trial by military judge

---

**3.** Having found no jurisdictional defect, even were we to find legal error in the referral of charges, the claim was waived by appellant at

trial. R.C.M. 905(e); *Otero*, 26 M.J. at 548; *see United States v. Murray*, 25 M.J. 445 (C.M.A.1988).

alone in unusual court-stacking case should be required to say that he wanted trial by members.); *United States v. Settle,* 33 M.J. 688 (A.F.C.M.R.1991); *Wilson,* 33 M.J. at 514 n. 8.

The value of such a mode of practice is that it will help dissolve our affinity for the "checklist mentality" that now seems often to underlie such assignments of error and, sometimes, our responses to them. Deserving appeals could be more readily decided if appellants did their own inquiry into the underlying facts instead of inducing the appellee to do so by assigning errors before inquiry. Courts of Military Review Rules of Practice and Procedure, rule 6; *Cf.* Fed.R.Civ.P. 11 ("best of the signer's ... belief after reasonable inquiry"). Assignments lacking factual underpinnings would then be discarded before requiring our attention, and those with sound facts would be presented better and more persuasively because of it. We would then find ourselves less often examining moot issues, like the one in this case.